DIDRIKSEN, RESPONDENT, v. BROADVIEW HARDWARE CO. ET AL., APPELLANTS.

(No. 4,193.)

(Submitted September 22, 1920.   Decided October 27, 1920.)

[193 Pac. 63.]

*Conversion — Damages — Complaint — Sufficiency—Corporate Capacity—Failure to Demur—Waiver.*

Conversion—Possession of Property—Complaint—Sufficiency—Inferences.
1. In an action for damages in conversion, where plaintiff alleged ownership of the property at the time of the conversion, and further, that he was lawfully possessed of the same, it was properly to be inferred that he was then entitled to possession.

Same—Right of Plaintiff to Recover Fixed as of Date of Conversion.
2. In an action of the nature of the above, plaintiff's right to damages becomes fixed as of the date of the conversion and does not depend upon his ownership or right to possession at any subsequent time.

Same — Appeal and Error — Corporate Capacity — Defective Complaint — Failure to Demur—Waiver.
3. In the absence of a special demurrer pointing out that the complaint was defective in that the corporate capacity of defendant was alleged only as of the date of the commencement of the action for damages instead of as of the date of the conversion, the formal defect *held* not fatal when urged for the first time on appeal.

*Appeal from District Court, Yellowstone County; Charles A. Taylor, Judge.*

ACTION by C. A. Didriksen against the Broadview Hardware Company and another. Judgment for plaintiff and defend-. ants appeal. Affirmed.

Cause submitted on briefs of counsel.

*Mr. F. B. Reynolds* and *Mr. George Crago,* for Appellants.

In order to constitute a cause of action in conversion, the complaint must allege not only a general or special ownership in the personal property, but also actual possession of the property, or the right to its immediate possession by plaintiff at the time of the alleged conversion by defendant. (*Kinsman* v. *Stanhope,* 50 Mont. 41, L. R. A. 1916C, 443, 144 Pac. 1083; *Paine* v. *British-Butte Min. Co.,* 41 Mont. 28, 108 Pac. 12; *Glass* v. *Basin and Bay State Min. Co.,* 31 Mont. 21, 77 Pac. 302; *Potter* v. *Lohse,* 31 Mont. 91, 77 Pac. 419; *Harrington* v. *Stromberg-Mullins Co.,* 29 Mont. 157, 74 Pac. 413; *Babcock* v. *Caldwell,* 22 Mont. 460, 56 Pac. 1081.)

The complaint fails to state that the defendant has converted property in question. "A conversion is any unauthorized act, which deprives a man of his property permanently or for an indefinite time." (*Union Stock Yards & T. Co.* v. *Mallory S. & Z. Co.,* 157 Ill. 554, 48 Am. St. Rep. 341, 41 N. E. 888.) "Any distinct act of dominion wrongfully exerted over one's property in denial of his right, or inconsistent with it, is a conversion." (Cooley on Torts, 428.) It is usual in actions of this kind for the pleader to allege generally that the defendant converted the property to his own use. Such allegation is a proper statement of the act of conversion. (*Reynolds* v. *Fitzpatrick,* 23 Mont. 52, 64, 57 Pac. 452.) The complaint in this case fails to contain any allegation whatever that defendants converted the property to their own use, and it is only by inference that such conversion can be gathered from the allegations thereof.

The allegation of corporate existence at the time of the transaction is an essential element of plaintiff's cause of ac-

tion. (*McKnight* v. *Oregon Short Line R. R. Co.*, 33 Mont. 40, 82 Pac. 661; *Harrington* v. *Stromberg-Mullins Co.*, 29 Mont. 157, 74 Pac. 413.)

*Messrs. Dillavou & Moore*, for Respondent.

The contention of appellants that the complaint is defective in that it does not allege the date of ownership of the property as of a certain date, and that the conversion was of the same certain date is without merit. It is not necessary to allege the precise minute or hour of day when the goods were converted or the day of the month. (38 Cyc. 2070, and cases cited.) Nor was it necessary to specify the precise hour or minute of the day alleged as the date of ownership and of the taking. The complaint must be regarded as referring to the whole day, or (as is the same) to the day as a point of time. (*Harris* v. *Smith*, 132 Cal. 316, 64 Pac. 409; *Rutan* v. *Wolters*, 116 Cal. 403, 48 Pac. 385; *Newlove* v. *Pond*, 130 Cal. 342, 62 Pac. 561; *Hunt* v. *Hammel*, 142 Cal. 456, 76 Pac. 378.) In this case it is obvious that the date of ownership and the date of the taking refer to the same time.

The fact whether or not defendant was a corporation at the time of the conversion is not the gist or substance of the action of conversion, but it simply goes to the right of the defendant to be sued or brought into court. This is a question which should be raised in the trial court or it is deemed waived. (Sec. 6539, Rev. Codes.)

The prevailing view and the rule supported by the great weight of authority is that it is not necessary to allege that defendant is a corporation. This rule is well stated in 10 Cyc., at pages 1347, 1348, as follows: "There is a mass of authority, more or less definite, to the effect that in an action by or against a corporation, whether *ex contractu* or *ex delicto*, it is not necessary to allege the fact that plaintiff or defendant is a corporation."

As sustaining the above proposition, a long list of the most respectable authorities is cited. We find this same proposition

of law laid down in 7 Ruling Case Law, in section 700, at page 697. Cyc. cites for the minority view cases from California, Connecticut, Texas and Iowa. 7 Ruling Case Law, in section 701, at page 698, cites an Idaho and South Dakota case to sustain the minority view. California, in the case of *Los Angeles Ry. Co.* v. *Davis,* 146 Cal. 179, 106 Am. St. Rep. 20, 79 Pac. 865, overruled her early decisions, and adopted the majority rule that a complaint is not insufficient by reason of the failure to allege the corporate existence of a corporation. This rule was again affirmed in the case of *Crouch* v. *H. L. Miller & Co.,* 169 Cal. 341, 146 Pac. 880. The courts of Iowa by two late decisions have adopted the majority rule. The leading case for the minority is the case of *Miller* v. *Pine Min. Co.,* 3 Idaho, 493, 35 Am. St. Rep. 289, 31 Pac. 803, but that case has been expressly overruled by the late case of *Fegtly* v. *Village Blacksmith Mining Co.,* 18 Idaho, 536, 111 Pac. 129.

Upon investigation we find that the rule of law laid down in 10 Cyc., at pages 1347, 1348, that it is not necessary to allege the fact that plaintiff or defendant is a corporation is the law in the following states, to-wit: Alabama, California, Illinois, Georgia, Indiana, Idaho, Iowa, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, New Jersey, New York, North Carolina, New Mexico, Ohio, Oklahoma, Pennsylvania, South Carolina, Virginia, West Virginia, Wisconsin, United States and England. As opposed to this rule, we find the citations to an early Connecticut case and a Texas case and the early California and Idaho cases. The courts of California and Idaho have expressly overruled the earlier holdings and they now hold that it is not necessary to allege the fact that defendant is a corporation.

This court has held that the failure of a plaintiff corporation to state in its complaint that it is a corporation does not invalidate the cause of action, provided the complaint is otherwise sufficient. (*Herbst Importing Co.* v. *Hogan,* 16 Mont. 384, 41 Pac. 135; *O'Donnell* v. *City of Butte,* 44 Mont. 97,

119 Pac. 281; *First Nat. Bank of Iowa City* v. *Smith,* 44 Mont. 305, 119 Pac. 784.) *A fortiori,* the failure to plead that defendant is a corporation would not invalidate the cause of action.

MR. JUSTICE HURLY delivered the opinion of the court.

This is an action for damages in conversion, in which the plaintiff had judgment, from which defendants appeal. The appeal presents the single question as to whether the complaint states a cause of action. The material portions of the complaint, paraphrased, are as follows: That the defendant Broadview Hardware Company is a Montana corporation; that on or about November 1, 1916, the "plaintiff was the owner of and lawfully possessed of" certain personal property, the value of which is alleged; that on or about the first day of November, 1916, the defendant corporation procured and employed the defendant Harrison to take and seize said goods, and that defendants willfully, wrongfully and unlawfully took the same from the possession of one Meeker, agent of the plaintiff, with whom he had left said goods for safe-keeping "until his return to Broadview, Montana"; that the defendants sold the same, and held the proceeds thereof for their own use and benefit, and thereby wrongfully converted said goods to their own use and benefit, so that the same have become wholly lost to the plaintiff, to his damage; that on or about the twentieth day of January, 1917, "plaintiff returned to Broadview, Montana, met his said agent, and became entitled to the immediate possession of said goods," then for the first time learning of defendants' wrongful acts in seizing and disposing of said property. There follows an allegation of demand for return of the goods, and refusal on the part of the defendants, together with an appropriate prayer for judgment. There was no demurrer, and, so far as appears, the sufficiency of the complaint was not attacked in the trial court. The answer admits that the plaintiff is a corporation, and denies all other allegations of the complaint.

Here the plaintiff alleged his ownership of the property, [1] and that he was lawfully possessed of the same. Certainly it is an inevitable inference from such statement that plaintiff (owner) "lawfully possessed" was then entitled to such possession.

In *Babcock* v. *Caldwell,* 22 Mont. 460, 56 Pac. 1081, this court said: "Defendant attacks the complaint upon the ground that it fails to state a cause of action by reason of the omission therefrom of an allegation that the plaintiff was the owner and entitled to possession at the commencement of the action. The complaint avers, among other things, that 'on the twenty-fourth day of September, 1895, the plaintiff was the owner and in possession of' the property, and that on said day the defendant took possession of the same, and converted it to his own use. It is not necessary, in a case of this kind, where damages only are recoverable, that plaintiff's ownership and right of possession, or either, should have existed when the action was begun. * * * In an action to recover the possession of chattels, the rule is different. The complaint is sufficient."

Later in the complaint plaintiff states the fact of his return to the state, and that he then became entitled to the immediate possession. This is only explanatory of the agency or custody held by Meeker, and it is fairly inferable that the statement was placed in the complaint in explanation also of the failure to bring action earlier, so that plaintiff could attempt to put himself in position to assert demand for the highest market value of the property between the date of the conversion and the commencement of the action. This statement cannot be said to negative the previous allegation of ownership and lawful possession by plaintiff on the date of the conversion.

Plaintiff's rights to damages were fixed as of the date of the [2] conversion, and not upon conditions of ownership or right to possession as of a later date. (*Sawyer* v. *Robertson,* 11 Mont. 416, 28 Pac. 456. See, also, *Paine* v. *British-Butte*

*Min. Co.,* 41 Mont. 28, 108 Pac. 12; *Kinsman* v. *Stanhope,* 50
Mont. 41, L. R. A. 1916C, 443, 144 Pac. 1083; *Wetzel* v. *Power,*
5 Mont. 214, 2 Pac. 338.)

The allegations of the complaint as to Meeker show nothing
more than a mere naked custody or agency, unaccompanied
with any interest or lien in the property, and therefore this
possession was in effect the possession of plaintiff.

It is further contended that the complaint is defective, in
[3]  that corporate capacity is alleged only as of the date of
the commencement of the action, and not as of the date of the
conversion, and *Harrington* v. *Stromberg-Mullins Co.,* 29 Mont.
157, 74 Pac. 413, is cited as follows: "In passing, we may say
that the complaint alleges that the defendant was, at the date
of the filing of the complaint, a corporation. There is no alle-
gation that it was such at the time of the alleged conversion."
This language, however, was not a statement that such a de-
fect was fatal. In *Pearce* v. *Butte Electric Ry. Co.,* 41 Mont.
304, 109 Pac. 275, this court said: "It is now contended that
the complaint does not state facts sufficient to constitute a
cause of action, for the reason that, while there is an alle-
gation therein to the effect that the defendant is a corporation,
there is no averment showing where or under what law its
corporate capacity was established. * * * 1. Both proposi-
tions are extremely technical. In so far as the first is con-
cerned, we think it is without merit. The complaint does
aver that the defendant is a corporation. This allegation is
sufficient to show that it had the legal capacity to be sued.
We think this is all that is required. It would seem to be
unnecessary for the plaintiff to inform the defendant of the
place of its incorporation. It must be better * * * in-
formed on that point than is he."

It will be noted that the complaint throughout alleges that
the acts complained of were the acts of the defendants jointly.
If the defendant corporation did not participate in the acts
charged, this would be a complete defense as to it, as would
the fact, if such it were, that it was not a corporation at the

time of the alleged conversion. Defendants, if they desired the complaint more specific, could have filed special demurrer pointing out the defect in the trial court, but upon review here, after a trial upon the issues, where the question is raised for the first time, we deem it too late to urge an objection to a mere formal allegation.

The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE COOPER concur.

(Submitted September 22, 1920. Decided October 27, 1920.)