SMALLHORN, Appellant, *v.* FREEMAN, Respondent.

(No. 4,461.)

(Submitted September 21, 1921.   Decided October 17, 1921.)

[201 Pac. 567.]

*Default   Judgments—Setting   Aside—Affidavits—Insufficiency —Real   Property—Vendor   and   Purchaser—Description   of Property—Indefiniteness   of   Complaint—Inferences.*

Default Judgments—Setting Aside—Insufficiency of Showing.

    1.  Affidavits of counsel for defendant in support of a motion to vacate a default judgment entered some two years and six months after the original complaint was served upon her, stating that defendant resided on a farm in California and that it was impossible to get mail to and from her without considerable loss of time; that because of her age it required much time for her to recall matters connected with the litigation, and that though numerous letters had been written to her, counsel were unable to obtain a complete statement of the case from her until after the time for answering had expired, *held* insufficient to warrant reversal of the order denying the motion nothing appearing that counsel made any effort to ascertain the facts relating to the defense until demurrer to the fourth amended complaint had been overruled, two months before entry of default, and counsel having made no effort to obtain any extension of time within which to file an answer.

Real Property—Vendor and Purchaser—Breach of Contract—Complaint—Description of Property.

    2.  In an action to recover the purchase price of land, the complaint must so describe the property that the particular tract may be identified.

Pleading—Sufficiency—Inferences—When Rule may be Invoked.

    3.  Before the rule that whatever is implied in or reasonably to be inferred from allegations of a pleading is to be taken as directly averred may be invoked, it must appear that sufficient facts are stated to furnish a basis for the implication or inference.

Same—Complaint—Definiteness—Special Demurrer.

    4.  A complaint to be proof against a special demurrer, ought at least to be sufficiently definite and certain to be on its face a bar to another suit on the same cause of action.

Real Property—Title—How Transferred.

    5.  Generally speaking, the title to real estate may be transferred only by a definite written instrument supported by a lawful consideration.

[61 Mont. 137.]

Same—Sale—Breach of Contract—Complaint—Indefiniteness.

    6. *Held,* under the above rules, that a complaint alleging that plaintiff was the owner of 320 acres of land in B. county, Montana, of the reasonable value of $3,200, that he sold and conveyed the land to defendant, and that "the said sum has not been paid," was so uncertain as to the description of the property and the consideration for which the transfer was made, as to render it vulnerable to a special demurrer for uncertainty.

*Appeals from District Court, Beaverhead County; Jos. C. Smith, Judge.*

ACTION by James Smallhorn against Rebecca Freeman. From a default judgment for plaintiff and an order denying a motion to vacate and set aside the default, defendant appeals. Reversed and remanded.

*Mr. C. E. Pew* and *Messrs. Pease & Stephenson,* for Appellant, submitted a brief, and one in reply to that of Respondent; *Mr. Pew* argued the cause orally.

Under the showing made by appellant, she was entitled, as a matter of right, to relief from default. (*Collier* v. *Fitzpatrick,* 22 Mont. 553, 57 Pac. 181; *Morehouse* v. *Bynum,* 51 Mont. 289, 293, 152 Pac. 477; *Greene* v. *Montana Brewing Co.,* 32 Mont. 102, 79 Pac. 693; *Mantle* v. *Largey,* 17 Mont. 479, 43 Pac. 633; *Morse* v. *Callantine,* 19 Mont. 87, 47 Pac. 635; *Pengelly* v. *Peeler,* 39 Mont. 26, 101 Pac. 147; *Voelker* v. *Golden Curry Consol. Mining Co.,* 40 Mont. 466, 107 Pac. 414.) The neglect of which appellant's attorneys were guilty in this case was much more excusable than that involved in some of the cases above cited, and was no more inexcusable than any shown in these cases.

This court has held that where a default has been entered against a defendant upon a complaint which fails to state facts sufficient to constitute a cause of action, the district court should set aside such default upon that ground. (*Willoburn Ranch Co.* v. *Yegen,* 45 Mont. 254, 122 Pac. 915; *J. I. Case Threshing M. Co.* v. *Simpson,* 54 Mont. 316, 170 Pac. 12;

*Young* v. *Bray*, 54 Mont. 415, 417, 170 Pac. 1044.) Aside from this, however, upon appeal from a judgment the sufficiency of the complaint is open to question.

The seventh cause of action is unique. It would be possible under its allegations to prove any kind of a transaction. The words "sold and conveyed" merely indicate the character which respondent sees fit to attach to whatever transaction may have occurred. If this count is good, he could prove that appellant had obtained a conveyance from him by fraud, and that he had elected to call it a sale. He could prove that he conveyed the property to her to be used for a certain purpose, or to be disposed of in a certain way, and that she had violated her agreement, and that he had elected to hold her for the reasonable value as on a sale. Any one of a great variety of transactions which under the law would entitle him to recover the price from her, as for a sale could be shown. Under the holding in *Truro* v. *Passmore*, 38 Mont. 544, 100 Pac. 966, the pleading is absolutely bad in every respect.

*Mr. W. J. Cushing* and *Messrs. Norris, Hurd & Collins,* for Respondent, submitted a brief; *Mr. John Collins* argued the cause orally.

MR. CHIEF COMMISSIONER POORMAN prepared the opinion for the court.

Appeal by defendant from a judgment of default entered against her and from an order made subsequent to judgment.

The original complaint herein was filed on June 9, 1916, and personal service was had upon the defendant at Dillon, Montana, on that day. Subsequently demurrers were filed consecutively to the original complaint and the first, second, and third amended complaints, which demurrers were sustained. A fourth amended complaint was filed, and the

demurrer thereto was overruled on November 18, 1918, and defendant given until December 18 to answer. This time was by stipulation extended to January 15, 1919. No answer was filed, and on January 16, 1919, the default of the defendant for want of answer was entered. On January 28, 1919, motion was made to set aside the default, which was denied on February 8, 1919, and judgment was entered on February 13. Subsequently motion was made to vacate and set aside the default judgment, and for leave to renew the motion to vacate and set aside the default entered prior to the judgment. This motion was accompanied by affidavits and by a proposed answer. The court denied the motion.

Various reasons are alleged in the affidavit why the de-
[1] fault should be set aside, among them being: "That said defendant is a woman of great age, to-wit: more than seventy years of age, and that said defendant lives in Triumfo, California; that her residence is on a ranch, or farm, lying at some distance from Los Angeles, California, and that it is impossible to get mail to and from her without considerable lapse of time; that because of her age and because of the fact that she is in feeble health, she is and was unable to come to Dillon, Montana, the place where her attorneys reside, for the purpose of furnishing said information; that she could leave California only during the summer season; that all the transactions involved in this action took place many years ago, and that defendant has difficulty in recalling them to mind; that because of her great age she is unable to recall matters with the same distinctness that she formerly could; that it is necessary that she take more time in which to recall to her mind occurrences and transactions involved in this action"; that counsel had written numerous letters to her, but were unable until after the time for answering had expired to "get more than a partial statement of facts in said case." It is further stated in the affidavits that the

defendant at no time had any intention of abandoning the case, and reference is made to the numerous demurrers that had been filed and the legal questions that had been fought out. It does not, however, appear that the then counsel for the defendant had made any effort to inform themselves of the facts in defendant's defense until after the overruling of the demurrer to the fourth amended complaint. It is true that the record does not disclose any facts tending to show that it was the intention of the defendant to abandon her defense. It is likewise true that there is nothing in the record disclosing any intention on the part of the plaintiff to abandon his case. The counsel for defendant must have known at all times that eventually the defendant would be called upon to meet the facts alleged in the plaintiff's complaint. The fact that the defendant was an old lady residing at a distance would seem to indicate that they should have made some inquiry during the two years and six months and more that intervened between the service of the original complaint upon the defendant at Dillon, Montana, and the time granted defendant to answer the fourth amended complaint on January 15, 1919. It further appears that all of the attorneys then representing the defendant, Mr. Pew not appearing until after the judgment had been entered, and three of the attorneys representing the plaintiff, resided at Dillon, Montana, and that not any effort was made by the counsel for the defense to obtain, either by order or stipulation, any extension of time in which to file an answer. The other reasons assigned by counsel as to why the default should be set aside and as showing inadvertence or excusable neglect have been examined, and we are unable to find that the position of the defendant is sustained by the record, and that therefore the court did not err in refusing to grant the motion to set aside the default, on the ground of inadvertence, mistake, or excusable neglect.

The fourth amended complaint consists, as therein stated, of seven causes of action. Defendant demurred to each of these causes of action, except the first, both generally and specially. On examination, however, we reach the conclusion that the demurrer was properly overruled as to the first six causes of action. The seventh cause of action alleged in the complaint is as follows: "(1) That at the time hereinafter mentioned the plaintiff was the owner of 320 acres of land in Beaverhead county, Montana, of the reasonable value of $3,200; (2) that on or about July 1, 1903, at the defendant's request, plaintiff sold and conveyed said lands to the defendant; (3) that the said sum has not been paid, nor any part thereof, although payment has been often demanded by plaintiff." The demurrer to this cause of action is that the same does not state facts sufficient to constitute a cause of action; that it is ambiguous, stating the reasons therefor; that it is uncertain; that it is unintelligible.

It is apparent from the complaint that the only description [2–6] of the land alleged to have been sold to defendant is "320 acres of land in Beaverhead county, Montana." It is maintained by respondent that the answer of defendant tendered cures any defect that may exist in the allegations of the complaint. The answer tendered contains denials, admissions, and allegations respecting each of the several causes of action, and for the most part sets up the affirmative defense of a contract with the plaintiff, entered into since the filing of the complaint respecting the subject matter of this action; but this answer tendered is as general in its allegations respecting a description of the land as is the complaint; that is, it does not describe the land at all, except as to quantity.

If this default judgment is permitted to stand, and plaintiff should bring another action against defendant for the purchase price of a specific tract of land, the record here would

furnish no defense whatsoever, although the latter tract might in fact be the same, or a part of the same, 320 acres referred to in this complaint. The burden would then be upon the defendant to show affirmatively that the demand then made was for the purchase price of the undescribed 320 acres of land referred to herein. "Under the Code, it is a rule that the allegations of a pleading are to be liberally construed, with the view to substantial justice between the parties. (Section 6566, Rev. Codes.) 'Under favor of this rule, whatever is * * * implied in, or is reasonably to be inferred from, an allegation is to be taken as directly averred.'" (*County of Silver Bow* v. *Davies*, 40 Mont. 418, 424, 107 Pac. 81, 83.) But there must be sufficient facts stated to furnish a basis for the implication or inference. It is a familiar rule "that in declarations, certainty, at least to a common intent, is necessary."

The statute (sec. 6534, Rev. Codes) authorizes a demurrer to be filed for the reasons stated in the demurrer filed herein. A complaint may be uncertain by reason of its failure to allege matters essential, as well as by the doubtful meaning conveyed by what is alleged. A complaint, to be proof against a special demurrer, ought at least to be sufficiently definite and certain to be on its face a bar to another suit on the same cause of action. The land herein should have been described in some manner so that the particular tract could have been identified. (See opinion of Justice Sharswood in *Hester* v. *McNeille*, 6 Phila. (Pa.) 263.)

Neither does the complaint allege that the "reasonable value" was the consideration for which transfer was made, nor are there any facts stated or circumstances given from which such fact may be implied, inferred, or presumed. Aside from facts and circumstances that would call into requisition the doctrine of estoppel, the equity power of a court, or in

cases of fraud or in the settlement of estates or in matters of trust, the title to real estate may be transferred only by a definite written instrument, supported by a lawful consideration. Is a court to presume, imply, or infer, without any statement of facts except the reasonable value of the land at the time of the conveyance, that the owner deliberately executed, acknowledged, and delivered a deed and surrendered possession of his land without some definite understanding as to the consideration he was to receive therefor? May a court of its own motion presume the parties left the consideration to the uncertainty of future ascertainment of value? If the "reasonable value" was the consideration, although undetermined at the time, why not so allege; why leave to conjecture that which may be made certain in a transaction of such importance as the conveyance of real estate?

Conceding that title may be transferred without agreement as to specific consideration, and that the reasonable value of the land might control, yet the fact remains that the parties must have contracted with reference to some consideration, and some fact should be alleged which shows the relation between the purchaser and the consideration for which judgment is demanded against him.

The date of this real estate transaction is stated in the complaint as July 1, 1903, but plaintiff demanded and was granted interest from June 1, 1903. No reason appears why plaintiff was awarded interest for this extra month. This alone, however, if error, would be insufficient to justify a reversal, for the error could be cured.

We believe the special demurrer to the seventh cause of action alleged in the fourth amended complaint should have been sustained. It is assumed by the respondent that the default should be set aside if the respondent has failed to state a cause of action in either of the seven counts set out in his fourth amended complaint. We do not stop to consider

whether this assumption is correctly made. We adopt it as counsel's theory of the case and dispose of it accordingly.

We recommend that the judgment and order appealed from be reversed and the cause remanded for further proceedings.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are reversed and the cause remanded for further proceedings.

*Reversed.*