PARK, APPELLANT, *v.* GRADY, RESPONDENT.

(No. 4,614.)

(Submitted January 4, 1922. Decided January 30, 1922.)

[204 Pac. 382.]

*Conversion — Damages — Ownership — Complaint — Sufficiency—Identification of Chattels—Evidence—Insufficiency—Presumptions—Burden of Proof—Circumstantial Evidence—Trial—Cross-examination.*

Conversion—Damages—Ownership—Complaint—Sufficiency.
    1. Since in an action in conversion to recover damages only the right to damages becomes fixed as of the date of the conversion, the complaint is sufficient if it alleges ownership and possession or right of possession on that date, as distinguished from the date of the commencement of the action where possession of the chattel itself is sought.

Same—Identification of Property—Evidence—Insufficiency.
    2. In an action for the conversion of household furniture held by defendant under a conditional bill of sale and thereafter repurchased by plaintiff, evidence *held* insufficient to identify the various articles claimed to have been converted, as the property of plaintiff.

Same—Personal Property—Ownership—Presumption—When Conclusive.
    3. The presumption of ownership which attaches to unchallenged possession of personalty is conclusive unless controverted by competent evidence.

Trial—Nonsuit—Presumption.
    4. On motion for nonsuit everything will be deemed proved which the evidence of plaintiff tends to prove, the defendant, by making the motion, admitting the truth of all of plaintiff's testimony.

Conversion—Burden of Proof—When not Sustained.
    5. The rule of the burden of proof is not satisfied if the conclusion reached from the testimony offered by the party upon whom it rests is equally consonant with the truth of his allegations and with some

other theory inconsistent therewith, in which event the result is a
mere conjecture insufficient to warrant a verdict in his favor.

Same—Ownership—Circumstantial Evidence.

6. While ownership of personal property may be proved by circumstantial evidence, the evidence in such case must not be susceptible to any other reasonable inference than that which may be drawn in favor of the claim of the alleged owner, and if susceptible to any other inference, the proof fails.

Same—Trial—Cross-examination—May Extend to What.

7. Where in an action in conversion plaintiff had testified on cross-examination without objection that the property had been sold to defendant under a conditional bill of sale, filed in the recorder's office and identified and admitted in evidence, cross-examination as to all its contents and conditions was proper.

*Appeals from District Court, Silver Bow County; Jos. R. Jackson, Judge.*

Action by Mrs. James Park against James H. Grady. Judgment for defendant, and plaintiff appeals from it and an order denying a new trial. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. H. A. Tyvand,* for Appellant.

*Mr. William Meyer,* for Respondent.

MR. COMMISSIONER AYERS prepared the opinion for the court.

On December 6, 1917, Mrs. James Park delivered to James H. Grady and Ethel G. Grady certain personal property, and entered into an agreement in writing, of the words and figures following:

"Conditional Bill of Sale.

"Know all men by these presents: That Mrs. James Park, herein called the vendor, has this day sold to James H. Grady and Ethel G. Grady, the personal property described in the inventory hereto attached, marked Exhibit A, and hereto made a part, upon the following conditions, to-wit:

"The purchase of said property is to be the sum of nine thousand dollars ($9,000.00), of which the sum of four thou-

sand dollars ($4,000.00) has been paid in cash upon the delivery of said goods and the execution of this bill of sale, and that the balance of five thousand dollars ($5,000.00) is to be payable in the sum of one hundred dollars ($100.00) or more, payable on or before the 12th day of January, 1918, and like sums of one hundred dollars ($100.00) or more payable on or before the 12th day of each and every month thereafter, until the full sum of nine thousand dollars ($9,000.00) and interest, as herein provided, has been paid.

"Interest at the rate of nine per cent. per annum, is to be paid on all unpaid balances, interest payable monthly.

"It is further understood and agreed that the personal property herein conditionally sold and which is described in Exhibit A, attached hereto, is located in the Park Block, 217 West Park street, Butte, Montana, and possession thereof has been given to the vendees herein, but the title thereto is to remain in the vendor herein, Mrs. James Park, until the full sum of nine thousand dollars ($9,000.00) and accrued interest has been paid and said goods and chattels are not to be removed from said premises without the consent of the vendor herein.

"It is further understood and agreed as a condition of said purchase that vendees are to be allowed not more than fifteen (15) days grace in the payment of the installments hereinbefore named, and that in the event of the default of the payment of any of the installments, herein named, for a period of greater than fifteen (15) days after the same shall have been payable, then the entire sum at that time remaining unpaid shall immediately become due and payable, and if the same is not thereupon immediately paid, the vendor herein may at her option retake immediate possession of said personal property and the moneys theretofore paid to said vendor by' said vendees shall be retained by said vendor as rent for said goods and the use thereof, and as agreed damages for the violation of this contract.

"The vendees hereby agree to insure said property in a sum not less than five thousand dollars ($5,000.00), loss payable to Mrs. James Park, as her interest may appear.

"That upon the final payment as herein provided, made by or for the vendees herein to the vendor, the latter will cancel this agreement of record and the title to the property herein conditionally sold shall be absolutely vested in the said vendees.

"In witness whereof, the parties hereto have hereunto set their hands this 6th day of December, 1917.

　　　　　　　　　　"Mrs. James Park,
　　　　　　　　　　　　　"Vendor.

　　　　　　　"J. H. Grady,
　　　　　　　"Ethel G. Grady,　　·
　　　　　　　　　　　　　"Vendee."

The exhibit "A" referred to in the agreement is an itemized list of a large amount of furniture and rooming-house furnishings, and designates the location of such articles in various rooms in the Park Block, but fails, as does also the agreement, to state whether the same is all of the furniture and furnishings in the building designated "Park Block."

On April 30, 1920, Mrs. Park, plaintiff below, and appellant here, filed her complaint in conversion in the district court of Silver Bow county, charging that the respondent and Ethel G. Grady, his codefendant there, who was never served with summons, had, on or about December 6, 1917, while in possession, unlawfully converted and disposed of certain personal property particularly described as follows: "19 bedsteads, 21 bed springs, 23 bed mattresses, 94 bed sheets, 41 bedspreads, 70 pillow cases, 2 quilts, 10 tables, 16 common chairs, 72 pairs window curtains, 27 window shades, 10 rocking chairs, 15 room carpets, 11 waste baskets, 8 cuspidors, 4 folding beds, 2 dressers, 1 hall runner, 1 hall chair, 1 stair runner, 1 pair drape curtains, 1 ice box, 1 wardrobe, 14 blankets, 26 pillows, of the value of $639.60"—and alleging that she (the plaintiff) was then, to-wit, on or about December 6, 1917, the owner

thereof, and entitled to the immediate possession of the same, and that she had been damaged by reason of said conversion in a sum equal to the value of said property, together with interest at the legal rate. The issues were made in the trial court by respondent's answer in the form of a general denial, and trial was had, which resulted, after the plaintiff had rested her case, in the court sustaining defendant's motion for nonsuit and entering judgment against her. This appeal was taken from the judgment and from the court's order refusing a new trial.

The basis of the motion for nonsuit, as urged in the trial [1] court, was the insufficiency of evidence, and, in addition thereto, it is also urged in this court that the complaint does not state a cause of action. The latter proposition, of course, can be raised here for the first time, for, if the complaint does not state a cause of action, no valid judgment could be entered thereon. This being an action in conversion, where damages only are recoverable, it is sufficient to allege ownership and possession or ownership and right of possession on the date the property was converted, as distinguished from the date of the commencement of the action, as is the rule when the action is brought in replevin to recover possession of chattels. In an action in conversion, the right to damages becomes fixed as of the date of the conversion, and does not depend upon the plaintiff's ownership or right of possession at any subsequent time; hence we find the complaint to be sufficient. (*Babcock* v. *Caldwell,* 22 Mont. 460, 56 Pac. 1081; *Didriksen* v. *Broadview. Hdw. Co.,* 58 Mont. 421, 193 Pac. 63.)

Now, after determining the sufficiency of the complaint, the [2] judgment must stand or fall on the evidence. The witness Slater testified that in December, 1917, he roomed in the Park Block; that furniture was stored in his room about the 6th of that month, and at the time it was placed there he asked the defendant what he was going to do with "these things," referring to the stored furniture; that defendant re-

plied that he was going to sell them, and, after the furniture had been moved, which was before the 15th of the same month, he asked defendant if he had sold the same, to which defendant answered, "Yes," that he had. Witness testified that he had seen these same articles before around the building, in the rooms of the Park Block. He enumerated them as: "There were *about* 20 beds, and *about* the same number of springs and mattresses, and *I should judge* there were 8 or 9 tables, *about* 16 common chairs, and 8 to a dozen rocking-chairs, *about* 7 or 8 rugs, 1 folding bed, 1 or 2 dressers, *some* cuspidors, *a half dozen or so,* 1 hall runner, 1 hall chair, and *some* tables, *I think about half a dozen.*" He attempted no further to identify the property or to fix title in the plaintiff. The plaintiff herself—the only other witness—does not testify nor show that she owned all of the personal property and furniture in the block or in the rooms of the block, nor does the agreement, nor the exhibit "A" attached thereto, make any such recital so as to exclude the presumption of ownership in the defendant. The defendant's possession was un-[3] challenged in December, 1917, and to such possession attaches the presumption of ownership, and, unless controverted by competent evidence, the conclusion must be according to the presumption. (*Sweeney* v. *Darcy,* 21 Mont. 188, 53 Pac. 540; 16 Cyc. 1074; 32 Cyc. 677; *Bradshaw* v. *Ashley,* 180 U. S. 59, 45 L. Ed. 423, 21 Sup. Ct. Rep. 297 [see, also, Rose's U. S. Notes]; sec. 10606, Rev. Codes 1921.)

The plaintiff, to recover, must recover upon the strength of her title. She admittedly does not know what property, if any, was sold in December, 1917, for she testified that she understood the furniture was still there on April 13, 1918. In April, 1918, she repurchased all of the property from the Gradys. Some settlement, not disclosed by the record, was made with Mrs. Grady for her interest, and a note was given to Grady. Mrs. Grady, however, continued in possession until January, 1919, and, on her leaving, the plaintiff for the first time discovered that furniture was missing. Consequently she

knew nothing about the alleged sale or conversion of articles by Grady in December, 1917, and for recovery she must rely on the testimony of Slater. The question now occurs, Does the evidence of Slater fulfill the requirements of the law as to proof of the allegations of the complaint?

Upon a motion for nonsuit everything will be deemed to [4] be proved which the evidence tends to prove. (*State ex rel. Pigott* v. *Benton,* 13 Mont. 306, 34 Pac. 301; *Morse* v. *Granite County Com.,* 19 Mont. 450, 48 Pac. 745; *Cain* v. *Gold Mountain Min. Co.,* 27 Mont. 529, 71 Pac. 1004; *Nord* v. *Boston & Mont. C. C. & S. M. Co.,* 30 Mont. 48, 75 Pac. 681.) No cause should be withdrawn from a jury unless the conclusion from the facts necessarily follows, as a matter of law, that no recovery could be had upon any view which could reasonably be drawn from the facts which the evidence tends to establish. However, under this rule, the record must contain competent testimony fairly tending to affirmatively prove [5] the allegations of the complaint. The burden of proof is still upon the plaintiff, and is not satisfied if the conclusion to be reached from the testimony offered is merely a matter of conjecture. If such conclusion be equally consonant with the truth of the allegations, and with some other theory inconsistent therewith, it then becomes a mere conjecture, and the rule of the burden of proof is not satisfied. (*Shaw* v. [6] *New Year Gold Mines Co.,* 31 Mont. 138, 77 Pac. 515.) Slater's testimony as to ownership is entirely circumstantial, and while, of course, these allegations can be proved in that way, yet such proof must be measured by the rules applicable in such cases. It must not be susceptible to any other equally reasonable inference than that which may be drawn in favor of the plaintiff. In fact, it must tend to exclude all other inferences. On the other hand, if it is susceptible to any other equally reasonable inference, the proof then fails, and, measuring the proof here by this standard, it certainly falls short of "fairly tending to affirmatively prove" the allegations of plaintiff's complaint.

[62 Mont. 246.]

The other assignments of error not treated above are that [7] too much latitude was allowed in the cross-examination of plaintiff. She testified, on such examination, without objection, that the property was sold December 6, 1917, to the Gradys, under a conditional bill of sale, No. 18687 of the files of the county clerk and recorder, and no error can follow by the identification and admission in evidence of the conditional bill of sale, as filed and numbered in said office, and after its admission in evidence the cross-examination may extend to all of its contents and conditions; and in this case the cross-examination did not exceed the privileges allowed by this rule.

Considering the proof most favorable to plaintiff, as is the rule on a motion for nonsuit—for defendant in making such a motion admits the truth of all of plaintiff's testimony—we must conclude that the articles and furniture alleged to have been converted were never identified as the property of plaintiff, and that the allegations of the complaint were not proved by competent evidence, or at all, and that the court did not err in permitting the latitude it did on cross-examination.

The error complained of in this case, after being condensed, is based and specified on the granting of the motion for nonsuit and the admissibility of evidence, neither of which is well founded.

We therefore recommend that the judgment and order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

*Affirmed.*