STATE ex rel. CORNWELL, Relator, v. DISTRICT COURT, SEVENTEENTH JUDICIAL DISTRICT, VALLEY COUNTY, et al., Respondents.

No. 8867.

Sumbitted November 18, 1948. Decided December 10, 1948.

200 Pac. (2d) 706.

Pope & Smith, of Missoula, and Hoffman & Mudd, of Glas-

gow, for relator. Mr. Russell Smith argued the cause orally.

James T. Shea, of Glasgow, and Loble & Loble, of Helena, for respondents. Mr. Lester Loble and Mr. Henry Loble argued the cause orally.

MR. CHIEF JUSTICE ADAIR:

This is an original proceeding by the State of Montana, on the relation of A. E. Cornwell, for a writ of supervisory control against the District Court of the Seventeenth Judicial District in and for the county of Valley and the Honorable R. M. Hattersley, district judge sitting in the place of the Honorable John M. Hurly, disqualified.

It appears from the petition for the writ that on February 7, 1948, the relator A. E. Cornwell, as plaintiff, filed in the respondent district court, a complaint containing two separate causes of action seeking to recover damages from the defendant J. L. Bjorstad.

*First Cause of Action.* The first cause of action is for the alleged alienation of the affections of plaintiff's wife and avers: "That on or about the seventeenth day of November, 1947, while the plaintiff was living with his wife * * * in the city of Glasgow, state of Montana, the defendant wrongfully contrived to injure the plaintiff and to deprive him of the company, society, and assistance of his said wife" and "unlawfully, wickedly, and maliciously gained the affections of the said" wife "and sought to persuade her and entice her by offers of money and otherwise to leave the plaintiff" and that "on or about the fourth day of January, 1948, the defendant enticed and unlawfully and maliciously induced the said" wife "to desert the plaintiff and refuse to cohabit and live with him as his wife" by reason whereof she "has become estranged from the plaintiff, and her affections and regard for plaintiff have been destroyed and plaintiff has been, and still is, wrongfully deprived by the defendant of the company, society, support, and advice of his said wife, and the happiness and benefits he otherwise would have received at her hands, and has suffered great

distress of body, mind, and estate, to his damage in the sum of $12,500.00.''

*Second Cause of Action.* The second cause of action is for crim. con. and avers: ''That on or about the seventeenth day of November, 1947, while the plaintiff was living with his wife * * * in the city of Glasgow, state of Montana, the defendant wrongfully contrived to injure the plaintiff unlawfully, wickedly, and maliciously gained the affections of the said'' wife ''and enticed her to have carnal intercourse with him; that thereafter and at various times between the time aforesaid and the sixth day of February, 1948, the defendant continued his unlawful and wrongful intercourse with the said'' wife by reason whereof ''plaintiff's affections and regard for said'' wife ''have been destroyed and he has suffered great distress of body, mind, and estate to his damage in the sum of $17,500.00.''

*Motion for Bill of Particulars.* On June 21, 1948, defendant, by counsel, appeared in the action by filing therein a motion for an order requiring plaintiff to serve upon defendant a bill of particulars as to the first cause of action alleged ''setting forth in what manner it is maintained by plaintiff that defendant sought to persuade and entice'' plaintiff's wife to leave him and setting forth ''in what manner offers of money were made to her, the amounts thereof and the times and places of such offers, the circumstances thereof, and the persons present, and setting forth therein what is meant by the word 'otherwise,' and, further, a statement of the nature and extent of the damages and distress of 'estate' of which plaintiff complains in each cause of action set forth in the complaint, and further setting forth therein, the times, places, facts and circumstances surrounding the alleged acts of carnal intercourse referred to in the second cause of action of the complaint on file herein.''

*Order Granting Motion.* On September 21, 1948, after hearing had and over plaintiff's objections, the trial court made an order reciting: ''It is ordered by the Court, That the said Motion be and the same is hereby granted and the said plaintiff be and he is hereby required, to furnish to the said defendant, within

thirty (30) days from the date of receipt of notice of this order, together with a copy thereof, a Bill of Particulars as requested in said Motion heretofore referred to.''

*Petition for Writ.* On October 15, 1948, the relator, Cornwell, filed his petition in this court for a writ of supervisory control seeking: (1) An order staying the trial court's order for a bill of particulars pending determination of this proceeding; (2) an alternative writ directing annulment of the trial court's order or requiring respondents to show cause why such order should not be vacated and (3) upon hearing had, for a peremptory writ annulling the trial court's order. The alternative writ issued, was served and a hearing had.

At the time of filing the motion for a bill of particulars defendant's counsel James T. Shea, Esq., made, swore to, subscribed and filed in the district court in said cause a paper designated ''Affidavit in Support of Motion for Bill of Particulars.''

In his petition herein relator contends: (A) That the affidavit filed on behalf of defendant by his counsel was insufficient in law or in fact to support defendant's motion for a bill of particulars and (B) that even if the affidavit had been sufficient, the trial court exceeded the bounds of sound judicial discretion in granting defendant's motion. Relator argues that defendant's motion: (1) Is ambiguous, (2) that it requires the setting forth of immaterial and impossible details, (3) that it requires the disclosure of names of witnesses, (4) that it requires relator to particularize his claim for general damages which cannot be particularized and (5) that it requires relator to specify his claims whereby ''the plaintiff would be seriously handicapped in the trial of his action and limited in the evidence which he would be allowed to introduce.''

The rule of certainty in pleading was stated by this court in Kozasa v. Northern Pac. Ry. Co., 61 Mont. 233, 201 Pac. 682, and approved in State ex rel. King v. Smith, 98 Mont. 171, 176, 38 Pac. (2d) 274, as follows: ''The object of pleading is to notify the opposite party of the facts which the pleader expects

to prove, and so it is that the allegation of such facts must be made with that certainty which will enable the adverse party to prepare his evidence to meet the alleged facts.''

"* * * certainty, at least to a common intent, is necessary." Smallhorn v. Freeman, 61 Mont. 137, at page 143, 201 Pac. 567, 569.

In 41 Am. Jur., "Pleading," page 309, section 30, it is said: "One of the established rules of pleading is that the facts must be stated with reasonable definiteness, certainty, and clarity, in order that they may be understood by the party who is to answer them, by the jury who is to ascertain their truth, and by the court which is to give judgment. Unless a pleading meets this requirement of certainty and definiteness, it may be attacked by a motion that the pleading be made more definite and certain, or its equivalent, under the local practice, and in some states by special demurrer.''

In this jurisdiction ambiguity, unintelligibility or uncertainty appearing upon the face of the complaint may be reached: (1) By special demurrer (sub. 7 of sec. 9131, Rev. Codes of Montana 1935; Herbst Importing Co. v. Hogan, 16 Mont. 384 at page 387, 41 Pac. 135, at page 136; Reed v. Poindexter, 16 Mont. 294, 40 Pac. 596; Flaherty v. Butte Electric Ry. Co., 40 Mont. 454, at page 464, 107 Pac. 416, 135 Am. St. Rep. 630; Wahle v. Great Northern Ry Co., 41 Mont. 326 at page 331, 109 Pac. 713; Allen v. Bear Creek Coal Co., 43 Mont. 269, at page 279, 115 Pac. 673; Jenkins v. Northern Pac. Ry. Co., 44 Mont. 295, 119 Pac. 794; Smallhorn v. Freeman, supra; Didriksen v. Broadview Hdw. Co., 58 Mont. 421 at page 428, 193 Pac. 63; Grant v. Nihill, 64 Mont. 420 at page 435, 210 Pac. 914; Adams v. Durfee, 67 Mont. 315 at page 318, 215 Pac. 664 at page 665); (2) by motion to make more definite and certain (Gordon v. Northern Pac. Ry. Co., 39 Mont. 571 at page 582, 104 Pac. 679, 18 Ann. Cas. 583; Galvin v. O'Gorman, 40 Mont. 391 at page 395, 106 Pac. 887; Marcellus v. Wright, 51 Mont. 559 at page 561, 154 Pac. 714; Roberts v. Sinnott, 55 Mont. 369 at page 372, 177 Pac. 252; Jorud v. Woodside, 63 Mont. 23 at page 25, 206 Pac. 344;

Weibush v. Jefferson Canal Co., 68 Mont. 586 at page 590, 220 Pac. 99; McCulloch v. Horton, 105 Mont. 531 at page 545, 74 Pac. (2d) 1, 114 A. L. R. 823) or (3) by motion for a bill of particulars. Weibush v. Jefferson Canal Co., supra; Rogness v. Northern Pac. Ry. Co., 59 Mont. 373 at page 381, 196 Pac. 989; Gordon v. Northern Pac. Ry. Co., supra; Flaherty v. Butte Electric Ry. Co., supra; Jenkins v. Northern Pac. Ry. Co., supra.

The power of the court to order a bill of particulars is not ▆ dependent upon any statutory provision but is incident to the court's general authority in the administration of justice and in the exercise of a sound discretion. Rogness v. Northern Pac. Ry. Co., supra; State ex rel. Wong Sun v. District Court, 112 Mont. 153 at page 156, 113 Pac. (2d) 996. In Weibush v. Jefferson Canal Co., supra [68 Mont. 586, 220 Pac. 101], this court quoted with approval from 3 Encyc. Pl. & Pr. 517 as follows: "There is no inflexible rule as to the class of cases in which a bill of particulars will be granted, but it rests within the sound discretion of the court to be exercised only in furtherance of justice."

In Intermountain Ass'n of Credit Men v. Milwaukee Me- ▆ chanics' Ins. Co., 44 Idaho 491, 258 Pac. 362, 363, the appellate court held that it was reversible error for the trial court to deny defendant's motion for a bill of particulars demanded in an action by an insured against his insurer to recover for a loss sustained through fire. There the court said:

" 'The chief office of a bill of particulars is to amplify a pleading, and more minutely specify the claim or defense set up. Another object * * * is to prevent surprise on the trial, by furnishing that information which a reasonable man would require respecting the matters against which he is called upon to defend himself * * *' 3 Encyc. of Pl. & Pr. pp. 519, 520, quoted in Blackburn v. Washington Gold Mining Co., 19 Wash. 361, 53 Pac. 369.

"Whether or not the defendant may have had information as to the contents of the building, it was entitled to know with some particularity what plaintiff was going to claim at the trial to

have been destroyed, and the values to be claimed for the articles, so far as plaintiff could give such information. A bill of particulars is not for the purpose of discovering evidence, not to find what the plaintiff knows, but what he claims.

"It appearing that no such information was furnished, the complaint stating no particulars whatever of items, values, or costs, we deem the refusal of the court to require a bill of particulars as an abuse of discretion."

The leading case on the right of a defendant to demand a bill of particulars in actions for crim. con. is the case of Tilton v. Beecher, 59 N. Y. 176, 17 Am. Rep. 337, wherein is carefully reviewed the historic background of such procedure, including the common law of England on the subject.

The common law of England has been a part of our system of jurisprudence from the organization of Montana territory to the present day. State ex rel. Ford v. Young, 54 Mont. 401, 170 Pac. 947; Aetna Accident & Liability Co. v. Miller, 54 Mont. 377, 170 Pac. 760, L. R. A. 1918C, 954; Gas Products Co. v. Rankin, 63 Mont. 372, 207 Pac. 993, 24 A. L. R. 294.

"The common law of England, so far as it is not repugnant to or inconsistent with the constitution of the United States, or the constitution or laws of this state, or of the codes, is the rule of decision in all the courts of this state." Section 5672, Rev. Codes 1935.

The common law of England as announced in the early English cases reviewed by Judge Rapallo in his opinion in Tilton v. Beecher, supra, is neither repugnant to nor inconsistent with the decisions of this court requiring specific, definite and particular averments giving dates, places, names, etc. in actions in which adultery is charged. In Bordeaux v. Bordeaux, 32 Mont. 159 at pages 167, 168, 80 Pac. 6, 9, an action for divorce, it is said: "This action was brought on January 26, 1899. The ground alleged was desertion by the defendant. This pleading was amended on February 25, 1899, when for the first time adultery was charged, *but in such general terms that the amended pleading was properly held demurrable. Then, by another amendment,*

*specific charges were made, giving dates, places, names, etc.*
Upon the issues made on these specific charges the trial was
had. During the trial evidence was introduced tending to show
various adulteries committed by the defendant with one Lyman
A. Sisley from and after August 6, 1897. Of these, three were
found by the court to have been established * * *.'' (Emphasis supplied.)

In a prior opinion of this court, to-wit, Bordeaux v. Bordeaux,
30 Mont. 36, 75 Pac. 524, 525, it appears that after defendant's
demurrer to plaintiff's first amended complaint charging
adultery in general terms had been sustained plaintiff filed a
second amended complaint specifying the circumstances and
the occasions on which plaintiff relies and giving the dates,
places, names, etc. as is set forth at page 39 of the opinion where
this court said: ''The specific adulterous acts set forth were that
the defendant committed adultery with an unknown person on
the 1st day of September, 1891, in the 'Old Owsley Building';
also with Lyman A. Sisley on the 23d day of September, 1897,
'at a house on the west side of Missoula Gulch, which was then
in an unfinished condition, and which is now numbered 825
West Broadway street, in Butte City'; also with Lyman A.
Sisley on the 2d day of October, 1897, 'on the west side of Missoula Gulch, in a new building, which was then in an unfinished
condition, and is now numbered 825 West Park street, Butte
City'; also with Lyman A Sisley during the month of August,
1897, 'in a lodging house on the east side of Main street, in
Butte City, * * * known as and called the ''Red Boot Lodging
House';'' also on the 30th day of November, 1896, with Lyman
A. Sisley, 'in room number 27 in what was then, and is now,
known as the ''Weyerhorst Block'';' also with Lyman A. Sisley
on or about the 25th day of November, 1897, at plaintiff's residence.''

The gravamen of a cause of action for crim. con. is adultery
and the specific acts, dates and places relied upon may be
required to be pleaded and set forth with the same definiteness,

certainty and particularity as obtains in actions for divorce based upon such ground.

In Wood v. Wood, 2 Paige, N. Y., 108, a case of recrimination, the court said: "The only safe and prudent course is to require the charge, whether of crimination or recrimination, to be stated in the pleadings and in the issues in such a manner that the adverse party may be prepared to meet it on the trial. If the persons with whom the adultery was committed are known, they must be named in the defendant's answer, and the adultery must be charged with reasonable certainty as to time and place. If they are unknown, that fact should be stated in the answer and in the issue, *and the time, place and circumstances under which the adultery was committed should be set forth.* Neither party has a right to make such a charge against the other on mere suspicion, relying upon being able to fish up testimony before the trial to support the allegation." (Emphasis supplied.)

The wisdom and practical application of the foregoing rule is aptly illustrated in the Bordeaux cases, supra, where the husband in his complaint charged his wife with a large number of alleged improper acts (see Bordeaux v. Bordeaux, 30 Mont. 36 at page 39, 75 Pac. 524 at page 525) but at the trial his evidence failed to substantiate most of the charges made. See Bordeaux v. Bordeaux, 32 Mont. 159, at page 168, 80 Pac. 6 at page 9.

In the instant case the defendant made a timely motion for an order requiring plaintiff to furnish a bill of particulars as to the averments of a complaint which, upon its face, fails to set forth with sufficient definiteness and certainty issuable matters and particulars which defendant must meet and the granting of such motion rested within the sound discretion of the trial court. Weibush v. Jefferson Canal Co., supra.

The trial court's order allowed plaintiff thirty days within which to furnish a bill of particulars but within such time plaintiff obtained from this court an order staying proceedings in the trial court and relieving him temporarily from supplying the required statement. Thus to date the plaintiff has suffered

no prejudice through the order made. Had he in good faith furnished a statement of the particulars that were within his power to supply and within the limits of the approved practice in this jurisdiction, we doubt that the learned trial judge would have required more. After furnishing such statement had plaintiff then been cited for contempt or otherwise been ordered to go further than the legitimate field of a bill of particulars, he could have then challenged the trial court's power to do that which the law and approved practice in this jurisdiction failed to sanction.

The defendant's motion seeks a statement of certain particulars somewhat beyond the legitimate scope of a bill of particulars in this case in that it seeks a statement of ''and the persons present'' at the time or times of the alleged occurrences upon which plaintiff relies and a statement of the nature and extent ''of the damages and'' of which plaintiff complains in each cause of action and ''the facts and circumstances'' surrounding the alleged acts of carnal intercourse referred to in the second cause of action. In our opinion the quoted words should be eliminated from the trial court's order for the reason that we think such matters are beyond the legitimate scope of a bill in the case before us being one wherein the defendant is the one and only person charged with having had unchaste relations with plaintiff's wife. With the above quoted words eliminated the trial court's order granting the motion would be strictly within the scope of a bill of particulars the rule being as stated in 49 C. J., ''Pleading,'' pp. 637, 638, sec. 900, notes 23-29, wherein it is said: ''A party cannot be compelled to disclose his evidence in a bill of particulars nor the names of his witnesses, although where it is doubtful whether the particulars demanded are merely matters of evidence they should be ordered; and the fact that a bill of particulars may disclose the pleader's evidence or the names of his witnesses is no objection to ordering it, if the pleader is otherwise entitled to it, as where it may give definite information with respect to a material fact in issue.'' Modified as herein directed, the trial court's order requiring plaintiff to

furnish a bill of particulars may stand as being within the exercise of the sound discretion which rests in the respondent court.

Since it appears upon the face of the complaint, unaided by ▇ any supporting affidavit, that plaintiff's pleading is indefinite and uncertain in the matters and particulars suggested, we find no necessity for the filing of any supporting affidavit, hence the sufficiency of the affidavit becomes wholly immaterial. While the relator advances other contentions as to why a peremptory writ should issue, we find such contentions without merit.

Accordingly, the bill of particulars ordered by the trial court ▇ and which plaintiff is required to furnish is to be confined within the limits suggested by this opinion.

The writ is denied and the proceedings dismissed.

Associate Justices Choate, Gibson, Angstman and Metcalf concur.