## CITY OF BOULDER V. FOWLER.

1. When the evidence is conflicting, a verdict, not clearly opposed to the weight of the testimony, will not be disturbed.
2. When the same proposition of law contained in an instruction refused was embraced in another instruction given, error may not be assigned on such refusal.
3. The care required of a municipal corporation undertaking to supply to residents water for irrigation, and using its street gutters for that purpose, is such as a man of average prudence and intelligence would employ, under like circumstances, to protect his own property.

*Appeal from Boulder County Court.*

THE appellant, the city of Boulder, a municipal corporation, undertook to supply water for irrigation to such of its inhabitants as might desire the same for that purpose. To carry out this undertaking it, in some measure, used the gutters at the sides of its streets as distributing ditches. The appellee, Mary C. Fowler, owned and occupied as a place of residence two lots in said city, fronting on one of these streets. The surface of her lots was lower than that of the street in front thereof, and, as the evidence tends to show, the water, or some portions of it, escaped from the ditch in front of her premises, by percolation or seepage, and submerged her said lots, and continued so to do, with the knowledge of the officers and agents of said city, and without the use of proper care on its part to prevent the same, to the detriment of the appellee's property. This action was brought by her against the city to recover for the damages alleged to have been thus sustained, and resulted in a judgment in her favor for the sum of $183.33⅓. The action was tried with a jury, and, after verdict, a motion was made by appellant for a new trial, but was overruled by the court.

Mr. O. F. A. GREENE, for appellant.

Mr. RICHARD H. WHITELEY, for appellee.

DE FRANCE, C. The principal claim made by counsel for appellant, as may be inferred from the argument, is that the verdict is contrary to the evidence. But the verdict of a jury cannot be disturbed in cases like the present, where the evidence is conflicting, and the verdict is not clearly opposed to the weight of the testimony. *Barker v. Hawley,* 4 Colo. 316. The motion for a new trial was properly overruled, and likewise the motion for a nonsuit.

The other errors assigned relate to the giving and refusing of instructions to the jury. The same proposition of law contained in the instruction refused was embraced in another instruction given, and there was therefore no error in the refusal. As a general rule, all the instructions in a case should be considered together, and in connection with each other, and with the testimony, in order to determine what errors, if any, there may be therein. Upon so considering the instructions given in this case, we find no error therein sufficient to warrant a reversal.

The care required of appellant, in the construction and management of said ditch, to avoid the injuries complained of, was ordinary care, such as a man of average prudence and intelligence would employ, under like circumstances, to protect his own property. *Campbell v. Mining Co.* 35 Cal. 679. This action is based upon the negligence of the city in the premises, and that question was one for the jury under the evidence. The jury have passed upon it, as well as the other questions in the case, under instructions of the court fairly submitting such questions to them. Perceiving no error in the record of which the appellant can complain, we think the judgment should be affirmed.

STALLCUP and RISING, CC., concur.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is affirmed.

*Affirmed.*