[No. 12820. Department Two. — October 30, 1890.]

## CHARLES PARKER, RESPONDENT, *v.* PAUL LARSEN, APPELLANT.

ARTIFICIAL WATERCOURSE — PERCOLATION — INJURY TO ADJOINING LANDS — DAMAGES — INJUNCTION. — A land-owner who permits the water taken from artesian wells on his lands, and carried through a ditch for the purpose of irrigating his fields, to percolate through the ditch, and to saturate his neighbor's land, to his injury, when it might have been drained from the ditch, so as probably to prevent such injury, is liable for the damages thereby occasioned, and may be restrained by injunction from continuing the injury.

ID. — DISTINCTION BETWEEN NATURAL AND ARTIFICIAL WATERCOURSE — FOREIGN SUBSTANCE — MAXIM. — The rule applicable to the percolation of water from a natural watercourse does not apply to water brought upon the land by artificial means; but in such case the rule applies, that, where one brings a foreign substance on his land, he must take care of it, and not permit it to injure his neighbor, and is subject to the maxim, *Sic utere tuo ut alienum non lædas.*

APPEAL from a judgment of the Superior Court of Santa Clara County.

The facts are stated in the opinion.

*C. D. Wright,* for Appellant.

*T. H. Laine,* for Respondent.

BELCHER, C. C. — This is an action for damages and an injunction. The court below gave judgment for the plaintiff, and the defendant appeals on the judgment roll. The facts found are, in substance, as follows: The plaintiff and defendant own adjoining tracts of land in Santa Clara County, the plaintiff's tract lying north of defendant's. Both tracts are adapted to and are used for agricultural purposes. They are nearly level, but there is sufficient slope, so that water will flow from the land of defendant to and upon the land of plaintiff. The defendant raises alfalfa on his tract, and in order to do so, it is necessary that the ground be irrigated two or three times during the summer. He has two artesian

wells upon the upper end of the tract, which are so capped that the water can be shut off, or permitted to flow, at his pleasure. He has also excavated along the north side of his land, and two or three feet from the plaintiff's south line, a shallow ditch, which is several hundred feet long, and has no outlet or drain from either end. In excavating this ditch, the earth was thrown up on the north side thereof, that is, between the ditch and the plaintiff's line. When he wishes to irrigate his land, he removes the caps and lets the water flow over the surface for ten days or two weeks, and when it is sufficiently irrigated, the wells are again closed. The excess of water not absorbed and held by the soil flows into the ditch above mentioned, and forms a pool some two or three hundred feet in length and some six or ten inches in depth, and remains there for about a week, and until taken up by evaporation and percolation. Upon the west side of defendant's tract is a lane, and upon the side of it a ditch, much lower than his land, into which, at a very small expense, and with little inconvenience, he could drain the water from his ditch, and probably prevent any injury to plaintiff.

During the last two or three years, and two or three times each summer, defendant has irrigated his land in the manner above described, and on each of these occasions the water has accumulated, as above stated, and has slowly percolated beneath the surface, and through the embankment, into the plaintiff's land, and has saturated the soil to a considerable distance, and to the extent of three acres, which has thereby been made wholly useless for any purpose of ordinary husbandry. And during this period, upon one or more occasions, the water from these wells has flowed over the top of the embankment, and thence upon the surface of the plaintiff's field. The damage and injury to plaintiff's land, from these percolations, is one hundred dollars. The defendant, in so running and using said water, and permitting it

to accumulate upon the north line of his field, was not actuated by any malice or desire to injure plaintiff, but it was done for the purpose of fully utilizing the whole of his field in growing the crop of alfalfa. And, as conclusions of law, the court found that the plaintiff was entitled to a judgment for one hundred dollars damages, and to an injunction restraining the defendant from permitting the water from his wells to flow to and accumulate in the ditch along the north line of his land. And judgment was so entered. From the foregoing statement of the facts, it is manifest that the plaintiff was entitled to the relief which he obtained. The water which did the injury to plaintiff was not a natural stream flowing across defendant's land, but was brought upon the land by artificial means. And the rule is general, that, where one brings a foreign substance on his land, he must take care of it, and not permit it to injure his neighbor. The law upon the subject is tersely expressed in the maxim, *Sic utere tuo ut alienum non lædas.* We think the judgment should be affirmed, and so advise.

VANCLIEF, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment is affirmed.