[Sac. No. 1006.   Department One.—October 17, 1903.]

## W. F. TURPEN, Respondent, v. TURLOCK IRRIGATION DISTRICT, Appellant, and J. A. WAYMIRE, Defendants.

INJURY TO LAND—SEEPAGE FROM CANAL OF IRRIGATION DISTRICT—CONSTRUCTION BY CONTRACTOR—STIPULATION FOR JOINT JUDGMENT—FINDINGS.—In an action for injury to plaintiff's land by seepage of water from the canal of an irrigation district, in the course of construction by a contractor sued jointly with the district, and for an injunction, where the defendants stipulated that if plaintiff recovered judgment at all it should be joint against both defendants, who reserved the right to adjust the responsibility between themselves thereafter, it cannot be objected upon appeal of the irrigation district that it was not responsible for the injury, because the contractor was an independent contractor, nor can the district complain of unnecessary findings made in accordance with the stipulation.

ID.—CONDEMNATION OF LAND—DAMAGE SUED FOR NOT INCLUDED—PLEADING—PROOF.—The damage allowed in a suit for the condemnation of land of plaintiff by the irrigation district, taken for the canal, could not have included or anticipated damage to land not taken from seepage due to faulty construction of the canal; and proof of the condemnation proceedings, if not pleaded, was inadmissible to show that such damage was included therein.

ID.—FINDINGS—FAULTY CONSTRUCTION OF CANAL—REPAIRS PENDING SUIT—DISSOLUTION OF INJUNCTION—DAMAGES—APPEAL.—Where the findings upon sufficient evidence show that the canal was not constructed in the manner suitable for such work, and that its bed where the seepage occurred was of very light and porous sand, through which the water easily percolates, and that such seepage could not be prevented without an artificial bottom, and that since the suit was commenced the defendants had remedied the seepage by repairs, whereupon the temporary injunction was dissolved, and

the court rendered judgment for damages found by the jury by reason of the seepage, and for costs, an order denying a new trial will not be disturbed upon appeal.

APPEAL from an order of the Superior Court of Stanislaus County. William O. Minor, Judge.

The facts are stated in the opinion of the court.

P. J. Hazen, for Appellant.

C. W. Eastin, for Respondent.

VAN DYKE, J.—The action was brought to recover damages for injuries to plaintiff's land caused by the seepage of water from the canal of the defendant corporation, and for an injunction. Special issues in reference to the damages caused by the seepage were submitted to a jury, and a verdict rendered in favor of plaintiff for the sum of $475. Findings were also filed and judgment rendered in favor of plaintiff. The defendants moved for a new trial, which was denied, and the appeal is taken by said defendant corporation from the order denying a new trial.

It is contended by the attorney for appellant that the alleged damage occurred while the canal was in course of construction by the defendant Waymire, and that appellant was in no way responsible therefor, said Waymire being an independent contractor, and appellant complains of the finding to the contrary. But on the trial both counsel for defendants corporation and Waymire stipulated "that as between said defendants it was agreed that if plaintiff recover a judgment, it should be a joint judgment, reserving the right to adjust the responsibility as between themselves thereafter. Defendant district accepts responsibility for the management of the canal, so far as the plaintiff is concerned, and, so far as plaintiff is concerned, the district, defendant, does not set up that the defendant Waymire was an independent contractor, and the two agree that if the jury render a verdict in favor of plaintiff at all, it may run against both defendants, and as to whether Waymire was an independent contractor or an employee, they would determine that thereafter." It was not necessary for the court to find upon that subject, but the de-

fendant has no ground to complain, inasmuch as the finding is according to the stipulation, and is therefore harmless.

It is further alleged by appellant that the canal was fully constructed across plaintiff's land at the time of a certain condemnation suit by appellant against the plaintiff, and the appellant upon this trial offered to prove the proceedings in said suit, and that plaintiff was fully compensated in that action for the damages claimed in this action, and it is claimed that the court erred in refusing to allow such proof and the findings by the court to the contrary. But the proceedings referred to were not pleaded by the appellant, and, further, damages caused by the seepage from faulty construction of the canal could not have well been anticipated, and were not included in the condemnation proceeding.

It is further maintained on the part of appellant that the canal was constructed in the manner usual and reasonable for such work under like circumstances, but the court finds to the contrary, and finds that the bed of the canal at the point where the seepage occurred "is composed of very light and porous sand, through which the water percolates very readily and easily, and the same is wholly unfit for the bed of a canal, and will not hold water, and the seepage of the water from the bed of the canal through said subsoil could not be prevented, without putting in an artificial bottom in said canal, as the same existed at the time of the commencement of this action." That said corporation realized that finding was supported by the evidence is quite evident from another finding by the court, to wit: "But that since the time of the commencement of this action, and the issuance and service of the injunction herein upon the defendants, certain repairs have been made in and upon the bed of said canal on the premises of plaintiff as aforesaid, from and by which the seepage alleged in plaintiff's complaint has been entirely or largely stopped." After the said repairs were made in the bottom of the said canal the temporary injunction issued at the commencement of the action was dissolved, and judgment in favor of plaintiff was entered for the amount of damages caused by the seepage as found by the jury, and for costs only.

The order appealed from is affirmed.

Angellotti, J., and Shaw, J., concurred.