### PEOPLE *v.* PERRY.

1. CRIMINAL LAW—OBTAINING MONEY UNDER FALSE PRETENSES—
   EVIDENCE—QUESTION FOR JURY.

   In a prosecution for obtaining money under false pretenses
   and representations, where there was evidence that de-
   fendant had sold to a certain person fence posts, that de-
   fendant represented to the purchaser that the posts had
   been shipped, and defendant was advanced a part of the
   purchase money upon such representation, and that no
   posts had been received up to the time of the trial nearly
   a year after such advancement, *held,* that the question
   of the falsity of the representations was for the jury.

2. TRIAL—ARGUMENT OF COUNSEL—APPEAL AND ERROR.

   In a criminal prosecution for obtaining money under false
   pretenses, a remark by the prosecuting attorney that no
   excuse had been offered, was not error, as a comment on
   the fact that the defendant had testified in his own be-
   half as to the truth of his representations that certain
   goods sold had been shipped where, if the representation
   said to have been false had in part been true its truth
   might have been shown through the introduction of the
   railroad records and without the necessity of defendant's
   taking the stand.

Error to Lapeer; Williams, J. Submitted April 13,
1917.   (Docket No. 163.)   Decided June 27, 1917.

Arthur N. Perry was convicted of obtaining money
by false pretenses and sentenced to imprisonment for
not less than one nor more than ten years in the State
prison at Jackson.   Affirmed.

*B. F. Reed,* for appellant.

*Herbert W. Smith,* Prosecuting Attorney, for the
people.

BROOKE, J. Defendant stands convicted of the crime
of obtaining money by means of false pretenses and

representations made to one F. W. Reek. The facts as disclosed by the record are as follows: On October 1, 1915, defendant sold to said F. W. Reek, 800 fence posts. The order follows:

"Ship to F. W. Reek, at Imlay City, Mich. Sold by A. N. Perry, by way of G. T. R. R. About 800 fence posts, fifteen cents. 4" and up—8 ft. 80% green."

About January 1, 1916, Reek requested the defendant, Perry, to ship the posts. On January 14, 1916, defendant, Perry, called on Reek and told Reek that he had been north and had the posts shipped, and asked Reek to advance $60 on them, and that they would be there in a few days at Imlay City. Reek, believing the representation made by defendant that the posts had been shipped, gave defendant a check for $60, which was later cashed by defendant. No posts had been received by Reek up to the date of the trial, September 14, 1916.

The only representation made by Perry to the plaintiff claimed by the people to have been false was the single representation that said posts had been shipped, and the only evidence offered by the people in support of the allegation that said representation was false was the fact that at the time of the trial, nearly a year after said representation had been made, no posts had been received by Reek. At the conclusion of the people's case counsel for defendant moved for a directed verdict upon the ground that there was no evidence tending to show the falsity of the representation made by defendant that the posts had been shipped. The court refused to grant this motion, being of opinion that it was competent for the jury to determine, beyond a reasonable doubt, that the representation made was false, basing said determination upon the fact that no posts had been received by Reek, as well as upon the circumstances surrounding the case. In so holding we are of opinion that the trial

court was not in error. It is to be noted that the contract of sale does not mention from what station said posts were to be shipped. Under these circumstances it is apparent that it was practically impossible for the people to offer proof covering every station on the Grand Trunk Railway to the effect that the posts had not been shipped. On the contrary, if the representation made by the defendant was true, the railroad records at the station from which the shipment was made were available to him, and would have been a complete answer to the charge. It has been held that proof of the falsity of the representation need not necessarily be direct; it is sufficient if the evidence establish facts tending legitimately to show its falsity. It is said that as defendant is usually in a position to know the truth or falsity of the representation, slight evidence of its falsity is sufficient for his conviction, in the absence of countervailing evidence of its truth. See cases cited in note 15, 19 Cyc. p. 445.

Error is assigned upon a remark of the prosecutor in his argument to the jury. He said: "There has no excuse been offered." It is urged by counsel for defendant that this was a reference or comment on the fact that the defendant had not testified in his own behalf. We are of opinion that the criticism is not warranted. If the representation said to be false had in fact been true, its truth might have been shown through the introduction of the railroad records and without the necessity of the defendant taking the stand.

No error having been made to appear, the judgment stands affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.