GROVER, APPELLANT, v. HINES, DIRECTOR-GENERAL OF
RAILROADS, RESPONDENT.

(No. 5,032.)

(Submitted January 25, 1923. Decided February 21, 1923.)

[213 Pac. 250.]

*Carriers — Shipments of Goods — Nondelivery — Complaint —
Evidence—Sufficiency—Breach of Contract—Consignment—
Parties—Nonsuit—Pleading and Practice.*

Pleading and Practice—General Demurrer—Complaint—Liberal Construction.
　　1. As against a general demurrer to the complaint, its allegations
　　are deemed to be true, and any fact necessarily implied from the
　　facts pleaded is to be treated as averred directly, liberal construction
　　of pleadings being required with a view to substantial justice be-
　　tween the parties.

Carriers—Nondelivery of Goods—Complaint—Sufficiency.
　　2. Under the above rule, *held,* that the complaint in an action
　　against a carrier to recover for the loss of a trunk, alleging that
　　defendant retained it for its own use and benefit and refused to
　　either deliver it or pay for it was sufficient to show nondelivery.

Same—Conversion—Complaint—Insufficiency.
　　3. Failure of plaintiff to allege in his complaint that he was the
　　owner of the property sought to be recovered after the date at which
　　he delivered it to the carrier for transportation, rendered the plead-
　　ing insufficient to state cause of action in conversion.

Pleading and Practice—When Complaint Proof Against General De-
　　murrer.
　　4. If a complaint states a cause of action on any theory, it is
　　proof against a general demurrer.

Carriers—Shipment of Goods—Nondelivery—Breach of Contract—Com-
　　plaint—Sufficiency.
　　5. A complaint alleging that plaintiff and defendant carrier en-
　　tered into a contract by the terms of which the latter agreed for
　　a valuable consideration to transport a trunk to a certain city and
　　there deliver it to plaintiff or his consignee, that defendant failed
　　and refused to make delivery, and that in consequence plaintiff
　　suffered damage, was sufficient to sustain an action for damages for
　　breach of the contract.

Same—Shipment to Consignee—Shipper a Proper Party Plaintiff.
　　6. One who ships goods to a consignee is a party to the contract of
　　shipment and as such may maintain an action for the breach of it.

Nonsuit—Appeal—Evidence—How Viewed on Appeal.
　　7. On appeal from a judgment of nonsuit, the evidence will be
　　construed in the light most favorable to plaintiff and every fact
　　will be deemed established which it tends to prove.

[66 Mont. 230.]

Carriers—Nondelivery of Goods — Proving Negative — Slight Evidence Sufficient.

    8.  In an action for damages against a carrier for the loss of goods shipped, but slight evidence of nondelivery is sufficient to cast upon defendant the burden of accounting for them.

Same—When Shipper not Required to Prove Nondelivery to Consignee.

    9.  Where the carrier of a trunk knew that the consignee to whom it was shipped was not the owner, the latter disclaiming any interest in it, the shipper in his action to recover for its loss was not required to prove nondelivery to the consignee after the agent of the carrier obtained information that plaintiff was the owner.

*Appeals from District Court, Fergus County; Rudolph Von Tobel, Judge.*

ACTION by E. J. Grover against Walker D. Hines, as Director-General of Railroads and Transportation Companies, including the American Railway Express Company. From a judgment for defendant, and an order refusing to grant a new trial, plaintiff appeals. Reversed and remanded.

*Mr. Raymond E. Dockery, Messrs. Belden & De Kalb,* and *Mr. Merle C. Groene,* for Appellant, submitted a brief, and one in reply to that of Respondent; *Mr. Dockery* and *Mr. H. Leonard De Kalb* argued the cause.

The carrier in this case could not escape liability to Grover, even if delivery has been made to Morrow, the consignee. ''The carrier is bound to respond to the demand of the real owner for possession of his goods, regardless of whether he is consignor, consignee, or holder of the bill of lading.  *  *  * The real owner may maintain an action against the carrier for refusal to deliver goods to which he is entitled; and it constitutes no defense that the carrier refused to recognize his title and right and delivered the property in accordance with the shipment.'' (10 C. J. 261; see, also, *W. H. Stanchfield Warehouse Co.* v. *Central Railroad Co.,* 67 Or. 396, 136 Pac. 34; *Dixon* v. *Southern Pac. R. Co.,* 42 Nev. 73, 172 Pac. 368, 177 Pac. 14; *Getchell* v. *Northern Pacific Railroad Company,* 110 Wash. 66, 187 Pac. 707; *Quality Shingle Co.* v. *Old Oregon R. Co.,* 110 Wash. 60, 187 Pac. 705; *Atchison,*

*T. & S. F. R. Co.* v. *Jordon-Stockfood Co.,* 67 Kan. 86, 72 Pac. 533.)

"The presumption that the consignee is the owner is not absolute, but may be rebutted. If the carrier has notice that the consignee is not the owner or entitled to receive the goods, delivery to him will constitute conversion. No particular form of notice is necessary." (10 C. J. 257; *Southern Express Co.* v. *Dickson,* 94 U. S. 549, 24 L. Ed. 285 [see, also, Rose's U. S. Notes]; *Midland Valley R. Co.* v. *Fay, etc., Co.,* 89 Ark. 342, 116 S. W. 1171; *Schlichting* v. *Chicago, etc. R. Co.,* 121 Iowa, 502, 96 N. W. 959; *Jellett* v. *St. Paul, etc. R. Co.,* 30 Minn. 265, 15 N. W. 237; *Nanson* v. *Jacob,* 93 Mo. 331, 3 Am. St. Rep. 531, 6 S. W. 246; *Phoenixville Bank* v. *Philadelphia, etc. R. Co.,* 163 Pa. 467, 30 Atl. 228.)

"Acts of the carrier indicating an admission of nondelivery will be sufficient to establish nondelivery." (*South etc. Alabama R. Co.* v. *Wilson,* 78 Ala. 587; *Morley* v. *Eastern Express Co.,* 116 Mass. 97; *Bennett* v. *Northern Pac. Express Co.,* 12 Or. 49, 6 Pac. 160.)

*Messrs. Kremer, Sanders & Kremer,* for Respondent, submitted a brief; *Mr. Louis P. Sanders* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On March 25, 1919, E. J. Grover, plaintiff herein, prepaid the charges and shipped a trunk from Minneapolis, Minn., to Aberdeen, S. D., by the American Railway Express Company then under federal control. The shipment was consigned to James A. Morrow, and this action was brought to recover the value of the property upon the theory that defendant had failed to make delivery. Upon the trial and at the conclusion of plaintiff's testimony, the court sustained a motion for nonsuit and rendered and had entered a judgment for defendant. From that judgment and from an order denying him a new trial, plaintiff appealed.

In support of the court's order, counsel for defendant contend: (1) That the complaint does not state a cause of action; and (2) that the evidence is insufficient to show nondelivery.

1. It is alleged that the defendant agreed to transport the property to Aberdeen and there deliver it to plaintiff or to the consignee. The breach is alleged as follows: "That the said Director-General of Railroads has refused and still refuses to deliver the said trunk and contents above described, to this plaintiff, and the said defendant retains the same for his own use and benefit as notice has been given to the said defendant and demand has been made for the delivery of the said trunk and contents, but the said defendant has refused and still refuses to either deliver this trunk and contents or to pay plaintiff for the same, to the damage of this plaintiff," *etc.* Confessedly, this is not a model pleading, but, as against [1, 2] a general demurrer, the allegations are deemed to be true, and any fact necessarily to be implied from the facts pleaded is to be treated as averred directly. (*Smallhorn* v. *Freeman,* 61 Mont. 137, 201 Pac. 567.)

There is present the allegation that defendant retains the property for his own use and benefit, and the further allegation that—"Defendant has refused and still refuses to either deliver this trunk and contents or to pay plaintiff for the same." If these allegations are true, it follows necessarily that the property was not delivered either to the plaintiff or to the consignee.

It is not the province of this court to reform a pleading by construction or to read into it essential averments whenever they are wanting, but it is our duty to construe the allegations of this complaint liberally with a view to substantial justice between the parties (sec. 9164, Rev. Codes 1921), and, so construed, we think the allegations of nondelivery are sufficient.

The plaintiff does not allege that he was the owner of the [3] property after March 25, 1919, and for this reason the complaint does not state a cause of action in conversion, since

it is made apparent that the conversion, if any, occurred after March 25. (*Sawyer* v. *Robinson*, 11 Mont. 416, 28 Pac. 456; *Park* v. *Grady*, 62 Mont. 246, 204 Pac. 382.) But it is not [4] sufficient to say that it fails to state a cause of action in conversion. If it states a cause of action on any theory, it is proof against a general demurrer. (*Donovan* v. *McDevitt*, 36 Mont. 61, 92 Pac. 49; *Baker* v. *Butte Water Co.*, 40 Mont. 583, 135 Am. St. Rep. 642, 107 Pac. 819.; *Stadler* v. *City of Helena*, 46 Mont. 128, 127 Pac. 454; *Keeler* v. *School District*, 62 Mont. 356, 205 Pac. 217.)

The complaint discloses that plaintiff and defendant entered [5] into a contract by the terms of which defendant agreed, for a valuable consideration, to transport the property in question to Aberdeen and there deliver it to plaintiff or the consignee; that defendant failed and refused to make delivery; and that in consequence thereof plaintiff suffered damages. As a complaint in an action for damages for breach of contract [6] it is sufficient. The fact that the shipment was consigned to James A. Morrow does not prevent plaintiff maintaining an action for the loss of the goods. He is a party to the contract of shipment and may prosecute an action for a breach of it. (10· C. J. 348, 357.)

The contention that the complaint does not state a cause of action cannot be sustained.

2. The only other theory upon which the nonsuit could have been granted is that plaintiff failed to make out a *prima facie* case of nondelivery. There is not any question that the evidence is ample to sustain the allegation of nondelivery to plaintiff, but the trial court in passing upon the motion for nonsuit indicated that the carrier might have discharged its obligation by delivering the property to the consignee (presumably ,after June, 1919), and that the evidence was insufficient to show nondelivery to him. In each instance we think the court erred.

After explaining the circumstances under which he shipped the trunk consigned to Morrow, plaintiff testified that he went

to Aberdeen, where he arrived on March 26, 1919; that he and James Morrow, the consignee, and Margaret Morrow, his sister, went to defendant's uptown office in Aberdeen about 9 o'clock that morning; that he had in his possession the bill of lading which he presented to defendant and made demand for the trunk, explaining to defendant's agent that the property was his, though consigned to Morrow; that the ·agent made search for the property, but could not find it, and directed plaintiff to call at defendant's depot office, which he did in company with James and Margaret Morrow; that when they reached the depot office he (plaintiff) looked about for his trunk; that defendant's agent in charge made inquiry, ''What are you looking for?'' to which plaintiff replied, ''I am looking for a red trunk which I expressed up here from Minneapolis last night''; that the agent remarked, ''You mean the one that was . consigned to James Morrow?'' to which plaintiff replied, ''Yes,'' and the agent responded ''I loaded that trunk on the wagon less than half an hour ago and sent it up to the upper office—uptown office.'' The plaintiff explained that he had just come from the uptown office and could not find the trunk; whereupon the agent at the depot called the uptown office over the telephone, held some conversation, and then turned to plaintiff and said: ''I haven't anything further to say about it. I am instructed not to talk about this matter any further.'' Plaintiff testified that he and James and Margaret Morrow made four separate calls at the uptown office and three calls at the depot office during the same day without being able to find the property, and that finally the agent at the uptown office said: ''The trunk is not here, and that ends it.'' Plaintiff testified further that he made repeated calls upon defendant's agents in Aberdeen, extending up to April 21, when he made out his claim in writing for the property; that this claim was served upon the defendant's agent by James Morrow, the consignee; that on April 23 he and James Morrow again called for the trunk, but without success; that he was requested by the agents of the

defendant to assist them in their efforts to find the property, and that these requests continued up until June following, when he called upon the defendant's agent at Minneapolis, where search was made for the property, but without result. In all essential particulars plaintiff was corroborated fully by the testimony of Margaret Morrow.

To hold that this evidence does not present a *prima facie* case of nondelivery to plaintiff or the consignee would be a serious reproach to the law. In our review of a judgment [7] entered after nonsuit granted, the evidence will be construed in the light most favorable to the plaintiff and every fact will be deemed to be established which it tends to prove. (*Lackman* v. *Simpson,* 46 Mont. 518, 129 Pac. 325; *Larson* v. *Marcy,* 61 Mont. 1, 201 Pac. 685.)

To prove nondelivery is to prove a negative, and the rule [8] is recognized generally that in a case of this character but slight evidence of nondelivery is sufficient to cast upon the carrier the burden of accounting for the goods. (10 C. J. 372; 1 Greenleaf on Evidence, sec. 78; *Vigus* v. *O'Bannon,* 118 Ill. 334, 8 N. E. 778; *Chicago, etc., Ry. Co.* v. *Provine,* 61 Miss. 288. See, also, *People* v. *Perry,* 197 Mich. 47, 163 N. W. 478.)

The evidence dicloses that the trunk was in the possession [9] of the carrier at Aberdeen on the morning of March 26 and that in June following the agents of the carrier were still searching for it and soliciting plaintiff to aid them to find it. Clearly the evidence is sufficient to show nondelivery up to that time. Was it necessary for plaintiff to prove nondelivery to the consignee after that date? We think not. The shipment was one in interstate commerce and controlled by the federal statute. Sections 8 and 9 of the Act of Congress approved August 29, 1916 (39 Stat. 538 [U. S. Comp. Stats. secs. 8604dd, 8604e]), enumerate the persons to whom the carrier may, in the first instance, make delivery, and those persons include the consignee named in a straight bill of lading. Section 10 (sec. 8604ee), however, declares in effect that the carrier

[66 Mont. 230.]

shall be liable to the owner, though delivery is made to the consignee, if the carrier "had information at the time of the delivery that it was to a person not lawfully entitled to the possession of the goods."

As observed before, plaintiff testified that he was in posssession of the bill of lading; that in the presence of the consignee he had informed the agent of defendant that the property belonged to him, and had explained fully the reason the shipment was consigned to Morrow. It appears further that on the same day Morrow, the consignee, also explained to defendant the reason the shipment had been consigned to him, and notified the agent that the goods belonged to Grover, the plaintiff herein, and should be delivered to Grover. This evidence tends to prove, and for the purpose of these appeals does prove, that defendant had information, before delivery was made that plaintiff was the owner and entitled to possession of the property; that the consignee disclaimed any interest in it and was not lawfully entitled to possession. It follows that the carrier could not acquit itself by a delivery to the consignee after it received that information, and hence plaintiff was not required to prove nondelivery to Morrow after that date.

The judgment and order are reversed, and the cause is remanded for a new trial.

                              *Reversed and remanded.*

Mr. Chief Justice Callaway and Associate Justices Cooper, Galen and Stark concur.