CALVERT ET AL., APPELLANTS, *v.* ANDERSON ET AL.,
DEFENDANTS.

(No. 5,719.)

(Submitted April 27, 1925.   Decided June 22, 1925.)

[236 Pac. 847.]

*Waters and Water Rights—Ditches—Construction Through*
*Porous Formation—Seepage—Failure to Remedy Defect—*
*Negligence—Complaint—Sufficiency as Against General De-*
*murrer.*

Pleading—Complaint—When Sufficient as Against General Demurrer.
  1.  If a complaint states a cause of action upon any theory, it is
  proof against a general demurrer.

Waters and Water Rights—Ditch Owner not Insurer—Extent of Liability.
  2.  The owner of an irrigating ditch is not an insurer thereof and
  is liable only for damages caused by his willful acts or by his negli-
  gence in constructing, maintaining or using the ditch.

Same—Ditches—Seepage—Duty of Owner.
  3.  A ditch owner who constructs his ditch through soil naturally in-
  capable of holding water must exert reasonable efforts to prevent
  seepage, and his failure to do so constitutes negligence.

Same—Ditches—Seepage—Negligence—Complaint—Sufficiency.
  4.  Under the above rule (par. 3), *held,* that a complaint alleging in
  substance that defendant had constructed a ditch through loose dirt,
  sand, gravel and other porous formations at an elevation higher than
  plaintiff's ditch a short distance away, without employing any means
  to prevent water from escaping, and, after being notified of the
  damage caused thereby to plaintiff's ditch, instead of remedying the
  defect, enlarged his ditch to double its former capacity, causing
  plaintiff's ditch to be filled with debris and rendered useless for irri-
  gating purposes during the dry season, thus destroying the latter's
  crop, to his damage, stated a cause of action, and that the trial
  court erred in sustaining a general demurrer thereto.

Pleading, 31 **Cyc.,** p. 290, n. 65.
Waters, 40 **Cyc.,** p. 838, n. 65; p. 839, n. 73.

*Appeal from District Court, Deer Lodge County; George*
*B. Winston, Judge.*

2.  Liability for damages arising from construction of irrigation
ditch, see notes in 13 **Ann. Cas.** 267; **Ann. Cas.** 1916D, 981.  See, also,
15 **R. C. L.** 486–490.

ACTION by E. E. Calvert and others against John Anderson and others. From a judgment of dismissal, plaintiffs appeal. Reversed and remanded.

*Mr. T. P. Stewart* and *Mr. S. P. Wilson,* for Appellant, submitted a brief; *Mr. Wilson* argued the cause orally.

The court below held that the complaint does not state facts sufficient to constitute a cause of action, and in the argument respondent confidently referred the court to the following decisions of this court: *Fleming* v. *Lockwood,* 36 Mont. 384, 122 Am. St. Rep. 375; 13 Ann. Cas. 263; 14 L. R. A. (n. s.), 628, 92 Pac. 962; *Jeffers* v. *Montana Power Co. et al.,* 68 Mont. 114, 217 Pac. 652; *Butala* v. *Union Elec. Co. et al.,* 70 Mont. 580, 226 Pac. 899. Upon the authority of these cases the court held that the defendants . committed no actionable wrong either upon the theory of negligence or of trespass and that the plaintiff is without redress. If these cases are to be construed so as to lead to the result that a complainant in the position of these appellants is without redress, then the result is startling indeed. Section 3 of the Declaration of Rights of the Constitution of this state provides, among other things, that all persons have certain natural essential and inalienable rights among which may be reckoned the right of acquiring, possessing and protecting property. Section 27 provides that no person shall be deprived of life, liberty or property without due process of law. Among the maxims declared by our statute is section 8743, Revised Codes of 1921, "One must so use his own rights as not to infringe upon the rights of another."

The supreme court of Oregon, in *Mallett* v. *Taylor,* 78 Or. 208, 152 Pac. 873, taking as authority the unquestionable original irrigation law, namely, the Laws of Hammurabi, who reigned over Assyria seven hundred years before the time of Moses, has announced the rule that a ditch owner is

responsible for damages caused by the leakage or seepage from his ditch, whether the damage is attributable to the negligence of the ditch owner or otherwise. The dissenting opinion by Justice Teller in the case of *North Sterling Irr. Dist.* v. *Dickman,* 59 Colo. 169, 149 Pac. 97, is so complete a compilation of the decisions upon the subject here involved that appellant submits the same for the consideration of the court and confesses inability to add either to the listing of the authorities contained in this dissenting opinion or to the argument there advanced. In any event, it was a question for the jury whether the acts of defendant in constructing the ditch under the circumstances and in enlarging the ditch under the circumstances knowing that such acts would result in the destruction of plaintiffs' ditch were negligent acts. (*Anderson* v. *Rucker Bros.,* 107 Wash. 595, 8 A. L. R. 544, 183 Pac. 70, 186 Pac. 293.

*Mr. Charles E. Avery,* for Respondents, submitted a brief and argued the cause orally.

Plaintiffs' theory of the case evidently is that if plaintiffs' lands were injured by seepage waters escaping from defendants' ditch then they have a right of action against defendants for the damages caused thereby. This is a wrong theory. Defendants were only bound to exercise ordinary care in the construction and maintenance of their ditch, and if they did exercise such degree of care, then they would not be responsible for the damages complained of through the seepage of water from their ditch. There are no allegations in plaintiffs' complaint that the ditch was negligently constructed.

We must resolve the question presented in this litigation with reference to those ancient rules of law which had reason, experience and necessities of society for their foundation. This action falls into that class of cases known as "trespass on the case," and involves the question of negli-

gence. In fact, negligence is the very gist of the action.

Since negligence is the very essence of this action, plaintiffs must allege sufficient facts to show that the defendants were guilty of negligence either in the construction of their ditch or in the management and control of the same after they began to use it. (See *Hopkins* v. *Boston & M. C. Co.*, 13 Mont. 223, 40 Am. St. Rep. 438, 33 Pac. 817; *King* v. *Miles City Irr. Co.*, 16 Mont. 463, 50 Am. St. Rep. 506, 41 Pac. 431; Farnham on Waters and Water Rights, sec. 634; *Fleming* v. *Lockwood*, 36 Mont. 384, 122 Am. St. Rep. 375, 13 Ann. Cas. 263, 14 L. R. A. (n. s.) 628, 92 Pac. 962; *Wine* v. *Northern Pac. Ry. Co.*, 48 Mont. 200, Ann. Cas. 1915D, 1102, 49 L. R. A. (n. s.) 711, 136 Pac. 387; *Jeffers* v. *Montana Power Co.*, 68 Mont. 114, 217 Pac. 652; *Bridgford* v. *Colorado Fuel & Iron Co.*, 63 Colo. 372, 167 Pac. 963; *Butala* v. *Union Electric Co.*, 70 Mont. 580, 226 Pac. 899.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

By this action plaintiffs seek to recover damages for injury to their property caused by the seepage of water from an irrigating ditch owned and operated by the defendants and to secure an injunction restraining the defendants from maintaining and using the ditch in the manner described. The trial court sustained a general demurrer to the complaint and plaintiffs, electing to stand by their pleading, suffered a judgment of dismissal to be entered and appealed therefrom.

The only question presented is: Does the complaint state [1] a cause of action upon any theory? For if it does, it is proof against a general demurrer. (*Donovan* v. *McDevitt*, 36 Mont. 61, 92 Pac. 49; *Baker* v. *Butte Water Co.*, 40 Mont. 583, 135 Am. St. Rep. 642, 107 Pac. 819; *Stadler* v. *City of Helena*, 46 Mont. 128, 127 Pac. 454; *Keeler* v. *School Dis-*

*trict,* 62 Mont. 356, 205 Pac. 217; *Grover* v. *Hines,* 66 Mont. 230, 213 Pac. 250; *Outlook Farmers' Elevator Co.* v. *American Surety Co.,* 70 Mont. 8, 223 Pac. 905.) By a process of elimination the question may be reduced to very simple form.

It is the rule in this state that the owner of an irrigating **[2]** ditch is not an insurer thereof and is liable only for damages caused by his willful acts or by his negligence in constructing, maintaining or using his ditch. (*Fleming* v. *Lockwood,* 36 Mont. 384, 122 Am. St. Rep. 375, 13 Ann. Cas. 263, 14 L. R. A. (n. s.) 628, 92 Pac. 962; *Jeffers* v. *Montana Power Co.,* 68 Mont. 114, 217 Pac. 652.) It is not contended that the defendants herein acted willfully and they are not charged with negligence in the construction of their ditch originally; so that our inquiry may be narrowed to the simple question: Does the complaint charge negligence in the maintenance or use of the defendants' ditch?

From the very lengthy pleading the following statements **[3, 4]** material to our present inquiry may be gathered: For many years the plaintiffs have been in possession of a ranch in Deer Lodge county which is arid in character, but with artificial irrigation produced profitable agricultural crops. In 1901 they made an appropriation of waters of Fish Trap Creek and by means of a ditch then constructed by them, conveyed the waters to and upon their lands in quantities sufficient to irrigate the same, and this ditch was kept in repair and served the plaintiffs' needs until it was destroyed.

The lands of the defendants lie in the same general neighborhood as the plaintiffs' lands and they too require irrigation for their successful cultivation. In 1917 defendants appropriated water from Fish Trap Creek and commenced the construction of a ditch, which was completed in 1919.

Defendants' ditch is referred to in the record as the "Grupe Ditch."

Both ditches take water from the southern bank of the stream and for a considerable distance are parallel and only about 100 feet apart. The defendants' ditch taps the creek at a point above the head of plaintiffs' ditch and for some 1,500 feet is at an elevation higher than the plaintiffs' ditch. Defendants constructed their ditch along this stretch of 1,500 feet through loose dirt, sand, gravel and other porous formations, without employing any means to prevent the water escaping, with the result that much of the water turned into the ditch seeped from it and saturated the ground between the two ditches, causing earth, boulders and other debris to slip and slide into plaintiffs' ditch. Thereupon plaintiffs notified defendants of the seepage and the damage which would result from maintaining and using the ditch in its then condition, but in disregard of their duty defendants in 1922 enlarged their ditch to double its former capacity and continued to try to flow water through it to the full extent of its enlarged capacity, with full knowledge of the facts and without making any effort by fluming, piping or otherwise to prevent the seepage.

In June, 1923, in the midst of the irrigating season and when plaintiffs were greatly in need of the water, the ground between the two ditches became so saturated with the water seeping from defendants' ditch as to cause trees, rocks and earth to slip and slide from their natural positions and to fall into and fill plaintiffs' ditch, and break and destroy the banks for a great distance, and defendants continued so to use their ditch during the season and to permit the water to escape therefrom and saturate the ground above and about plaintiffs' ditch that plaintiffs were unable to repair it and their crops were burned and destroyed, to their damage, *etc*.

It is then alleged "that the acts and conduct of defendants in flowing water through said ditch in the irrigation season of 1922 and in the irrigation season of 1923, after the enlargement of said ditch, without having flumed, piped or otherwise provided against the seeping and percolation of said water from said Grupe Ditch at the point herein alleged, and for the distance herein alleged, constituted, and was, and is negligent acts and conduct on the part of the defendants, and acts and conduct by them in violation of their duty to plaintiffs herein alleged, and that said acts and conduct of defendants directly and proximately caused the damages and injury to plaintiffs herein alleged."

It is alleged further that their ditch referred to is the only means by which plaintiffs may irrigate their lands; that for eighteen years prior to the completion of the Grupe Ditch they had used their ditch continuously without trouble from washing, or from the ground slipping or sliding into it, and that the defendants knew that by maintaining and using the Grupe Ditch in the manner indicated, plaintiffs' ditch would be damaged and rendered unfit for use, but, notwithstanding, they carelessly and negligently kept water in the Grupe Ditch and continued to use the same in the manner stated.

It is the rule in this state that in the maintenance and use of his ditch the ditch owner is bound to exercise that degree of care which prudent and careful men ordinarily exercise under like circumstances where the risk is their own, and if he fails to do so he is liable for injuries which the water from his ditch causes to adjoining property in consequence of his failure. (*Fleming* v. *Lockwood,* above.) Bearing in mind this rule and the following facts pleaded and admitted to be true by the demurrer, *viz.:* Along the stretch of 1,500 feet defendants' ditch is at a higher elevation than plaintiffs' ditch and only a short distance therefrom; that it was constructed through loose earth, sand,

gravel and other porous materials which would not confine the water within the ditch; that defendants had actual notice that the water escaped from their ditch and caused injury to plaintiffs' ditch,—the question then recurs: Was it negligence on the part of the defendants to enlarge their ditch to double its former capacity and to then maintain and use it to the full extent of its enlarged capacity without making any effort to prevent the water seeping from it?

The rule which measures the duty of one person to another in cases of this character is expressed in the ancient maxim, "*Sic utere tuo ut alienum non laedas,*" translated in our Code: "One must so use his own rights as not to infringe upon the rights of another." (Sec. 8743, Rev. Codes 1921.) The doctrine of the maxim is not inconsistent, however, with the rule which permits a person to use his property as he pleases for all purposes for which it is adaptable, if he exercises due care and caution to prevent injury to another. (*Fleming* v. *Lockwood,* above.)

While it will be conceded at once that defendants had the right to construct and use their ditch for the irrigation of their lands, provided they used due care and caution to prevent injury to others entitled to equal rights, still no matter how great benefit may be derived from their enterprise, the law does not countenance the principle that one tract of land may be reclaimed at the expense of the destruction of another without compensation.

But further discussion of general principles is unnecessary. The authorities are quite uniform in holding·that the ditch owner who constructs his ditch through soil naturally incapable of holding water, is bound to exert reasonable efforts to prevent seepage and his failure to do so constitutes negligence. The rule is stated in very general terms in 15 R. C. L. 490, as follows: "Constructing an irrigation ditch through sand banks, and forming the bottom by sand

[73 Mont. 551.]

and gravel loosely scraped together and permitting such condition to continue after notice of its insufficiency, by reason of which the water seeps through the bottom to the injury of adjoining land, is negligence.'' (*Howell* v. *Big Horn Basin Colonization Co.*, 14 Wyo. 14, 1 L. R. A. (n. s.) 596, 81 Pac. 785; *City of Boulder* v. *Fowler,* 11 Colo. 396, 18 Pac. 337; *Heacock & Berry* v. *State,* 105 N. Y. 246, 11 N. E. 638; *Reed* v. *State,* 108 N. Y. 407, 15 N. E. 735; *Parker* v. *Larsen,* 86 Cal. 236, 21 Am. St. Rep. 30, 24 Pac. 989; *Turpen* v. *Turlock Irr. Dist.*, 141 Cal. 1, 74 Pac. 295; *Shields* v. *Orr. Extension Ditch Co.*, 23 Nev. 349, 47 Pac. 194; *McCarty* v. *Boise City Canal Co.*, 2 Idaho, 225, 10 Pac. 623.)

It is our conclusion that the complaint states a cause of action for negligence in the maintenance and use of defendants' ditch; hence it was proof against the general demurrer.

The judgment is reversed and the cause is remanded, with directions to overrule the demurrer.

*Reversed and remanded.*

ASSOCIATE JUSTICES GALEN, STARK and MATTHEWS concur.

HONORABLE A. J. HORSKY, District Judge, sitting in place of MR. CHIEF JUSTICE CALLAWAY, absent on account of illness, dissents.