[Civ. No. 7763. First Appellate District, Division One.—January 4, 1932.]

PETER NOLA et al., Respondents, v. ANTONE ORLANDO et al., Appellants.

R. V. Bressani and John M. Burnett for Appellants.

Maurice J. Rankin and C. E. Luckhardt for Respondents.

ATTERIDGE, J., *pro tem.*—The plaintiffs in this action are the owners of land on the west side of Capital Avenue in Santa Clara County, and the defendants own the land immediately across said avenue on the easterly side thereof. Defendants maintained on their lands a cement flume through which water was pumped for irrigation purposes. Plaintiffs allege in their complaint and the trial court found that waters escaped from said flume and came on to the lands of plaintiffs, thereby causing a certain well-pit and pump located at the point of its influx to cave in. For

redress of this injury plaintiffs brought action, and the trial court awarded them the present judgment, from which defendants appeal.

As originally framed plaintiffs' complaint did not charge the defendants with negligence, but instead relied upon the legal doctrine hereinafter stated as the basis of this decision. But on the trial, under the pressure of a vigorously urged motion for judgment on the pleadings, plaintiffs sought and obtained the trial court's permission to amend their complaint by alleging that the acts forming the basis of their complaint were negligently done. The trial appears to have then proceeded on the assumption that the theories of negligence and liability without negligence were both in issue. On the termination of the trial the court found in entire accordance with plaintiffs' complaint except that it did not find that the defendants were negligent in permitting the water to be discharged upon plaintiffs' lands. In this connection it should be noted, however, that on oral argument before this court appellants waived any and all reliance upon the claim of a material variance between the complaint and findings, and rested their appeal squarely upon their asserted proposition that in no event could there be a recovery for the damages caused by the escape of said water from defendants' flume unless it be affirmatively established that the same was caused by and through the negligence of defendants.

As we conceive the present state of the law in California relating to the outlined evidentiary situation, appellants' contention cannot be upheld. The cement flume of defendants constituted an artificial and not a natural watercourse. The escape of water therefrom was not in any degree caused by the added pressure of flood or storm waters, nor was the same occasioned as a consequence of an inevitable accident. It occurred solely by reason of the manner of the construction and maintenance of defendants' said flume plus their act of pumping water through it. With this certain cause of the injury in view, we regard it as immaterial whether or not these acts be in terms held negligent; it being a sufficient basis upon which to predicate liability in a case such as this that said acts constitute the sole, efficient and proximate cause of the injury.

In the case of *Parker* v. *Larsen*, 86 Cal. 236, 238 [21 Am. St. Rep. 30, 24 Pac. 989], the Supreme Court, after reviewing a set of facts which closely paralleled the present, said:

"The water which did the injury to plaintiff was not a natural stream flowing across defendant's land, but was brought upon the land by artificial means. And the rule is general, that, where one brings a foreign substance on his land, he must take care of it, and not permit it to injure his neighbor. The law upon the subject is tersely expressed in the maxim, *sic utere tuo ut alienum non laedas.*"

This rule was recently reiterated and elaborately stated in *Green* v. *General Petroleum Corp.*, 205 Cal. 328, 334 [60 A. L. R. 475, 270 Pac. 952, 955], where the court declared:

" . . . it is the rule that, where an injury arises out of, or is caused directly and proximately by the contemplated act or thing in question, without the interposition of any external or independent agency which was or could not be foreseen, there is an absolute liability for the consequential damage, regardless of any element of negligence either in the doing of the act or in the construction, use or maintenance of the object or instrumentality that may have caused the injury."

Appellants maintain that the case of *Sutliff* v. *Sweetwater Water Co.*, 182 Cal. 34 [186 Pac. 766], is of controlling importance in support of their aforestated contention, but that case, as was pointed out in *Green* v. *General Petroleum Corp., supra,* was based upon an "inevitable accident" arising from an extraordinary and unprecedented flood, which the decision states was "an agency" not only "beyond defendant's control", but one "beyond human control", and we do not regard the case sufficiently in point upon the present controversy to overcome as authority either the rule announced or precedents cited in the preceding paragraph hereof.

The judgment is affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 3, 1932, and an

application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 3, 1932.