[Civ. No. 9491. First Appellate District, Division One.—June 14, 1935.]

MARTIN McGRATH et al., Respondents, v. BASICH
BROTHERS CONSTRUCTION CO., Appellant.

J. E. McCurdy and F. E. Hoffmann for Appellant.

Francis W. Collins for Respondents.

WARD, J., *pro tem.*—The defendant corporation, in the performance of a contract with the state of California to construct a highway through the county of Contra Costa, set off a blast as part of the work in the construction of the road. Plaintiffs owned a two-story house, used as a residence, distant from the scene of the blast approximately eleven hundred feet. Immediately after the blast it was discovered, among other breakage, that the house had been moved on its foundations, the front porch separated from the building and certain windows had been pulled away from their casings. There is no evidence that any of these conditions existed prior to the blast. The trial court rendered judgment for the plaintiffs in the sum of $1805, and defendant appealed. Appellant did not introduce any testimony relative to the costs of repair or the amount of damages sustained except by cross-examination of the witnesses called by plaintiffs. There is evidence substantiating the finding relative to the amount.

Appellant contends that the damage to plaintiffs' home is scientifically impossible as a result of the blast discharged by defendant. In support thereof several expert witnesses, experienced in supervising "shots of rather questionable character", were called and testified that the nature of damage to buildings from blasting operations is somewhat similar to those caused by an earthquake; that, considering the ground and locality and the amount of black powder used, the blast could not under any conditions cause damage to any building five hundred feet from the point of discharge. The principal expert witness testified that the amount of force that could be generated by a shot similar to the shot in question was "only a matter of opinion". Against this opinion testimony was the uncontradicted evidence that the breakage in plaintiffs' home occurred at the exact time of the blast.

The relative weight between conflicting scientific testimony and circumstantial evidence as to facts is to be determined by the jury or the trial court. (*Rolland* v. *Porterfield*, 183 Cal. 466, 469 [191 Pac. 913].)

 Section 3514 of the Civil Code of California provides: "One must so use his own rights as not to infringe upon the rights of another." When considered with facts established by evidence and when no act of the injured party is the proximate cause of the accident, this doctrine is applicable to blasting cases. (*Colton* v. *Onderdonk,* 69 Cal. 155, 158, 159 [10 Pac. 395, 58 Am. Rep. 556].) The employment of skilful and experienced engineers or the exercise of the highest degree of care may not always be a sufficient or adequate defense. (*Munro* v. *Pacific Coast Dredging etc. Co.,* 84 Cal. 515, 519 [24 Pac. 303, 18 Am. St. Rep. 248].) It is the rule that where injury is caused to personal or real property directly and proximately by the performance of an act, without the interposition of any external or independent agency which was not or could not be foreseen, liability exists for consequential damages, regardless of any elements of negligence. (*Green* v. *General Petroleum Corp.,* 205 Cal. 328, 334 [270 Pac. 952, 60 A. L. R. 475].) It is immaterial whether the injuries were caused by the shaking of the earth or pulsation of the air or by physical projectiles or missiles. (*McKenna* v. *Pacific Electric Ry. Co.,* 104 Cal. App. 538, 543 [286 Pac. 445].)

 Appellant contends that the doctrine of *sic utere tuo ut alienum non laedas* is not applicable in blasting cases except in the instances wherein the operation of the instrumentality is a nuisance *per se* or when the land is contiguous or adjoining. It is true that the authorities in California upholding this maxim are cases which might be deemed to be nuisances *per se* or the lands were adjoining, but it was not intended that the doctrine should be so narrowly restricted. It is easy to conceive of an explosion resulting in damage to contiguous or adjacent property or even to property in the neighborhood, or perhaps far distant from the neighborhood, and still no damage occur to the adjoining property. To confine the rule within appellant's contention might work a grave injustice to noncontiguous property owners.

This case was not tried upon the theory that the building of the road or the use of the explosives in the construction thereof was a nuisance. The explosion of black granulated powder in a place properly selected and protected is not a nuisance *per se* (*Houghton* v. *Loma Prieta Lumber Co.,* 152

Cal. 500, 506 [93 Pac. 82, 14 Ann. Cas. 1159, 14 L. R. A. (N. S.) 913]), but if injury occurs to person or property it is a sufficient basis upon which to predicate liability if as in this case the act of firing the powder was the sole, efficient and proximate cause of injury. (*Nola* v. *Orlando*, 119 Cal. App. 518, 519 [6 Pac. (2d) 984].) ■ If an injury occurs resulting from the performance of a lawful, voluntary but dangerous or perilous act, the actor shoulders the responsibility and must respond in damages. The general rule is that one even when backed by authority of the state must so use his rights as not to infringe upon the rights of another in the enjoyment of life or in the possession of property.

■ There is no merit in the contention that the defendant was a contractor to build a road and not a land owner. It is the effect of the use of an instrumentality irrespective of ownership that determines the character of the injury and the liability therefor.

■ Negligence on the part of the defendant was not alleged in the complaint. The answer sets forth that the work was performed in a prudent and careful manner, thereby raising the issue of negligence. (Sec. 462, Code Civ. Proc.)

■ The court found that the defendant did not perform the blasting operation in a prudent and careful manner. A witness for defendant testified that the holes prepared for the reception of the explosive were "not near the bottom as they should have been" and that the operator of the discharge "wanted to put more powder in, and he probably would have wrecked the town, if he put more powder in". It is clear that the blast was not conducted in accordance with the plans and specifications prepared therefor. The trial court found that the defendant was negligent. If the blast was the proximate cause of the damage, it is not unreasonable to draw the inference that the unskilful manner of preparation of the holes for the powder and the firing thereof were the proximate cause of the damage. All reasonable inferences are to be indulged to support a finding. (*Hoppe* v. *Robb*, 1 Cal. 373.) This court is not in a position to hold that this finding was wholly unwarranted.

■ Appellant was an independent contractor acting under the authority of the state of California and engaged to consummate the building of the road in question. The con-

tract provided that the builder of the road should be responsible for damage to person or property during the progress of the work. There was no evidence indicating that the plans and profiles specified by the state were defective or that instructions given by the state caused the damage to plaintiffs' home. Under such circumstances the independent contractor is solely liable. (*Buckingham* v. *Commary-Peterson Co.*, 39 Cal. App. 154 [178 Pac. 318].)

Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 12, 1935.