**GUY F. ATKINSON CO.**

v.

**MERRITT, CHAPMAN & SCOTT CORP. et al.**

No. 33585.

United States District Court, N. D. California, S. D.

Aug. 25, 1954.

Johnson & Stanton, Gardiner Johnson and John A. Sproul, San Francisco, Cal., for plaintiff.

Bronson, Bronson & McKinnon and John F. Ward, San Francisco, Cal., for defendants.

HAMLIN, District Judge.

Plaintiff has filed an action setting forth eight causes of action. The case arises out of two incidents in the building of Folsom Dam on the American River. Defendant built two cofferdams to divert the water so that the principal dam and its appurtenances could be constructed. Plaintiff was engaged in the building of a power plant. On two occasions, within a few months of each other, the water washed away the cofferdams and destroyed the plaintiff's construction. Four causes of action are based on each flood. Causes of action one and two are based on the doctrine of absolute liability as set forth in Fletcher v. Rylands, L.R., 3 Eng. & Ir.App. 330. Causes of action three and four are based on absolute liability in the handling of a dangerous instrumentality as set forth in Luthringer v. Moore, 1948, 31 Cal.2d 489, 190 P.2d 1. Causes of action five and six are based on negligence with specific acts of negligence set forth. Causes of action seven and eight are also based on negligence but negligence is alleged generally.

The case is before this court on defendants' motion to dismiss the first, second, third, fourth, seventh and eighth causes of action.

A very similar case involving the same facts and with some of the same defendants, but with a different plaintiff, was commenced in the Superior Court of the State of California in and for the County of Sacramento. The complaint filed in that case was similar in that the causes of action were based on the same theories of law. Judge James H. Oak-ley, in a memorandum opinion, sustained the defendant's motion to strike the first four causes of action and sustained a demurer to the seventh and eighth causes of action. The court there held that "the weight of authority and the rationale of the cases require the holding in this case that there is no absolute liability resulting from the impounding of these waters." The demurrer to the general allegations of negligence was sustained because in a case of this kind "the contractor is liable for negligence, but cannot be held responsible if he has strictly complied with the plans and specifications of the governmental agency. The latter alone is responsible for injuries that result inherently from the plans adopted. In this case plaintiffs have raised no issue of compliance with the plans of the Corps of Engineers."

This is a diversity case and of course the law of California is the applicable law.

Aside from the opinion of Judge Oakley there are three cases in California that indicate or say that the Fletcher v. Rylands doctrine does not apply in California. In Sutliff v. Sweetwater Water Co., 1920, 182 Cal. 34, 186 P. 766, a subsidiary dam was washed away by an unprecedented flood and plaintiff's land was damaged. The court held that there was no liability without proof of negligence. The court also said that the Fletcher case was distinguishable. In the Fletcher case the impounding of the water itself was the cause of the damage. In the Sutliff case it was not the impounding but the escape of water when the dam broke that caused the damage. The second case is Smith v. East Bay Municipal Utility Dist., 1954, 122 Cal.App.2d 613, 265 P.2d 610, 614. By way of dictum the court said "the doctrine of Fletcher v. Rylands * * * is not followed in California," citing the Sutliff case and 26 Cal.Jur. 154, 358. The third case is Curci v. Palo Verde Irr. Dist., 1945, 69 Cal.App.2d 583, 159 P.2d 674. In this case the allegation was that water escaped from the defendant's irrigation ditch and flooded

the plaintiff's land. There was no charge of negligence. A general demurrer was granted and sustained on appeal. The court held that the doctrine that defendant was an insurer against liability for all damage caused by water escaping from its system regardless of any blame had been rejected in the Sutliff case.

Plaintiff also relies on three principle cases. These are Kall v. Carruthers, 1922, 59 Cal.App. 555; 211 P. 43; Parker v. Larsen, 1890, 86 Cal. 236, 24 P. 989; and Nola v. Orlando, 1932, 119 Cal.App. 518, 6 P.2d 984. These three cases all involved the seepage of water impounded by the defendants onto the land of the plaintiff. In all three cases recovery of damages, and injunctions were permitted without proof of negligence. The Kall case said that the doctrine of the Fletcher case was recognized in California. The Sutliff case was distinguished on the grounds that an act of God was involved there.

In all three of these cases it was the manner in which the water was impounded that caused the damage. It was the impounding of the water itself. In the Sutliff case, and the cases following it, it was not the manner in which the water was impounded but the fact that the dam broke due to floods or other reasons that caused the damage.

The court is of the opinion that the law of California is as stated by Judge Oakley and that this case is more clearly analogous to the Sutliff case, and that liability without fault under the Fletcher doctrine will not lie.

The plaintiff's other ground for liability without fault is based on the doctrine of ultra-hazardous activity. In Lutheringer v. Moore, supra, the court said [31 Cal.2d 489, 190 P.2d 7]: " 'One who carries on an ultra-hazardous activity is liable to another (for harm caused) by the unpreventable miscarriage of the activity * * * although the utmost care is exercised to prevent the harm.' " An ultra-hazardous activity was described as follows: " 'An activity is ultra-hazardous if it (a) necessarily involves a risk of serious harm to the person, land or chattels of others which cannot be eliminated by the exercise of the utmost care, and (b) is not a matter of common usage.' " In none of the cases cited by plaintiff dealing with such liability has water been involved. In one the damage was caused by an erupting oil well, Green v. General Petroleum Corp., 1928, 205 Cal. 328, 270 P. 952, 60 A.L.R. 475; in another the damage was caused by cyanide gas, Luthringer v. Moore, supra; and in the other case the damage was caused by dynamite, McGrath v. Basich Bros. Const. Co., 1935, 7 Cal.App.2d 573, 46 P.2d 981. This court does not believe that this doctrine has been or should be extended to damage by water under the circumstances set forth in the complaint.

The defendants seek to have the allegations of negligence where no specific acts of negligence are charged dismissed. (Causes of action seven and eight). This is based on the principle that where a contractor undertakes to perform a contract for a government agency and faithfully follows the plans and specifications set out by that agency he cannot be held liable for injury resulting therefrom. Liability arises in such a case only when the contractor deviates from the plans and specifications. Several cases are cited for this point. However, there is nothing in the complaint to indicate that the Government agency involved here provided the plans and specifications for these cofferdams. The complaint charges that defendants "planned, constructed and maintained two large cofferdams." Under the present pleading it is apparent that the rule of law contended for by the defendant is not applicable.

It is therefore ordered that so much of defendants motion as requests dismissal of the first four causes of action is granted and the remainder of said motion is denied.